POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant Xiangqun Miao*
*and Proposed Lead Counsel for the Class*

(*additional counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JASON MICHAEL DEINNOCENTIS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., and SC XII MANAGEMENT, LLC,<br><br>Defendants. | Case No.: 5:19-cv-06348-BLF<br><br>NOTICE OF MOTION AND MOTION OF XIANGQUN MIAO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date: TBD<br>Time: 9:00 a.m.<br>Judge: Hon. Beth Labson Freeman<br>Courtroom: 3 – 5th Floor |

(*caption continues on following page*)

| BRYAN PIKAL, Individually and on behalf of all others similarly situated, | Case No.: 4:19-cv-06360-JSW |
|---|---|
| Plaintiff, | |
| v. | CLASS ACTION |
| DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., SC XII MANAGEMENT, LLC, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, JEFFERIES LLC, MACQUARIE CAPITAL (USA) INC., CANACCORD GENUITY LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and PIPER JAFFRAY & CO., | |
| Defendants. | |

# TABLE OF CONTENTS

NOTICE OF MOTION..............................................................................................................1

STATEMENT OF ISSUES .......................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................2

I.      PRELIMINARY STATEMENT ....................................................................................3

II.     STATEMENT OF FACTS .............................................................................................4

III.    ARGUMENT.................................................................................................................6

        A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...........................6

        B.      MIAO SHOULD BE APPOINTED LEAD PLAINTIFF....................................6

                1.      Miao is Willing to Serve as Class Representative ...................................7

                2.      Miao Is the Most Adequate Plaintiff within the Meaning of the PSLRA..8

                        a.      Miao Has the Largest Financial Interest in the Action .................8

                        b.      Miao Otherwise Satisfies the Requirements of Rule 23 ................9

        C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
                APPROVED ........................................................................................................11

IV.     CONCLUSION..............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*,
No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014) .................................................................................................................................. 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) .................................................................................................................................. 8

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ................................................................................................ 9

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................................ 9

*In re SolarCity Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) .................................................................................................................................. 9

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................................ 9

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ........................... 8, 9

*Mulligan v. Impax Labs., Inc.*,
No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119 (N.D. Cal. July 2, 2013) ................. 1, 6

*Nicolow v. Hewlett Packard Co.*,
Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013) .................................................................................................................................. 8

Osher v. Guess?, Inc., 2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ........................ 11

*Richardson v. TVIA, Inc.*,
No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) .................................................................................................................... 1, 6, 9

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) .............................................................................................. 10

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
    No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb.
    21, 2012) ................................................................................................................... 1, 6

**Statutes**

15 U.S.C. 77Z-1(a)(3)(A)(ii) ............................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(A)(i)(II)....................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................... *passim*

PSLRA §21D(a)(3) ....................................................................................................... 1, 7

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................... *passim*

Fed. R. Civ. P. 42(a) .................................................................................................. 1, 2, 6

**NOTICE OF MOTION**

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Thursday at 9:00 a.m. on a date to be determined,[1] before the Honorable Beth Labson Freeman in Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, California 95133, Xiangqun Miao ("Miao") will and hereby does respectfully move this Court pursuant to Fed. R. Civ. P. 42(a) ("Rule 42(a)") and Securities Exchange Act ("Exchange Act") Section 21D(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing Miao as Lead Plaintiff in the consolidated action on behalf a class (the "Class") of all persons who purchased or otherwise acquired the securities of Dropbox, Inc. ("Dropbox" or the "Company") pursuant or traceable to the Registration Statement issued in connection with the Company's March 23, 2018 initial public offering (the "IPO"); and (3) approving Miao's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

To the extent that this motion seeks consolidation, it is made on the grounds that the above-captioned actions are putative class actions alleging violations of the federal securities laws by the same Defendants and arising from the same alleged fraudulent misconduct. As such, the above-captioned actions involve common questions of both law and fact, and their consolidation pursuant to Rule 42(a) is appropriate and warranted.  Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *6 (N.D. Cal. Apr. 16, 2007); *Mulligan v. Impax Labs., Inc.*, No. C-13-1037 EMC, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2, 2013); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9 (N.D. Cal. Feb. 21, 2012).

---

[1] In accordance with Judge Freeman's Standing Order Regarding Civil Cases, § II.A, Miao's counsel contacted Judge Freeman's Courtroom Deputy Clerk to reserve a motion date for this Motion. As of the time of this filing, Miao's counsel has not received a reservation date for the present Motion.

NOTICE OF MOTION AND MOTION OF XIANGQUN MIAO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-06348-BLF; 4:19-cv-06360-JSW

To the extent that this motion seeks appointment of Miao as Lead Plaintiff and approval of her selection of counsel, it is made on the grounds that Miao is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Miao's appointment as Lead Plaintiff. Miao believes that she is entitled to a rebuttable presumption favoring her appointment, since she has the "largest financial interest" in the relief sought by the Class in this Action by virtue of, *inter alia*, the significant number of Dropbox securities that Miao purchased pursuant or traceable to the Registration Statement issued in connection with the Company's IPO and retained as of the date of this Motion, the net amount Miao expended on those purchases, and the significant losses that Miao incurred in connection with those purchases as a result of the alleged fraud at issue. Miao also satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because her claims are typical of the claims of other putative Class members and because she will fairly and adequately represent their interests. In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. Miao's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the consolidated action effectively and expeditiously under Miao's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. ("Pafiti Decl."), and all exhibits thereto.

### STATEMENT OF ISSUES

1.  Whether consolidation of the Related Actions is warranted pursuant to Rule 42.

2.  Whether Miao is the "most adequate plaintiff," pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i), such that she should be approved as the Lead Plaintiff in this securities fraud class action lawsuit.

3.  Whether to approve Miao's selection of Lead Counsel, Pomerantz, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Dropbox, the Company's senior executive officers and directors, and venture capital sponsors of the IPO (collectively, "Defendants") defrauded investors who purchased or otherwise acquired Dropbox securities pursuant or traceable to the Registration Statement issued in connection with the Company's IPO in violation of the Securities Act of 1933 ("Securities Act") by misrepresenting Dropbox's business, operations, and financial performance.  Dropbox investors, including Miao, incurred significant losses following the revelation of Defendants' untrue statements of material facts in the Registration Statement.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possesses the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23.  *Id.*.  Miao believes that she should benefit from a rebuttable presumption arising from her having the largest financial interest in this litigation. Miao purchased 4,300 shares of Dropbox Class A common stock pursuant or traceable to the Registration Statement issued in connection with the Company's IPO, expended $137,468 in net funds on her purchases, retained all of her shares of Dropbox Class A common stock, and incurred losses of approximately $13,330 in connection with her transactions in Dropbox stock.  *See* Pafiti Decl., Ex. A.

Beyond her significant financial interest, Miao also meets the applicable requirements of Rule 23 because her claims are typical of absent class members and because she will fairly and adequately represent the interests of the Class.

In order to fulfill her responsibilities as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Miao has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors.  In 2018 alone, Pomerantz secured a recovery of $3

billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

For the foregoing reasons, Miao respectfully requests that the Court enter an order consolidating the Related Actions, appointing Miao as Lead Plaintiff and approving Pomerantz as Lead Counsel.

## II.    STATEMENT OF FACTS

As alleged in the initial Complaints, Dropbox provides a collaboration platform worldwide. Its platform allows individuals, teams, and organizations to collaborate and sign up for free through its Website or app, as well as upgrade to a paid subscription plan for premium features.

On February 23, 2018, Dropbox filed a registration statement for the IPO on Form S-1, which, after several amendments, was declared effective on March 22, 2018 (the "Registration Statement"). On March 23, 2018, Dropbox filed the prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement. By way of the Registration Statement, Defendants offered and sold 41.4 million Class A shares at $21 per share for over $869 million in gross offering proceeds, which included the full exercise of underwriters' over-allotment option to sell an additional 5.4 million shares. In addition, the Company conducted a private offering of Class A stock concurrently with the IPO in which it sold over 4.7 million shares to an institutional investor for an additional $100 million in gross proceeds. Numerous Company insiders, including certain of the Individual Defendants, also sold stock in the IPO, raking in more than $184 million after applicable underwriting discounts. Underwriters received more than $38.6 million in underwriting discounts and fees from the IPO proceeds, and several, including lead underwriters Goldman Sachs & Co. LLC and J.P. Morgan Securities LLC, received tens of millions of dollars more as a result of payments by Dropbox towards a revolving credit facility maintained by these investment banks.

The Complaints allege that the Registration Statement was negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation. Specifically, the Registration Statement claimed that a significant proportion of the Company's registered user base was primed for monetization. It claimed that 300 million of the Company's 500 million registered users had unique characteristics making them likely to be monetized over time, purportedly presenting a "significant opportunity to increase [the Company's] revenues."

The Registration Statement also described Dropbox's business model as involving the "[i]ncrease conversion of registered users to [the Company's] paid subscription plans." It highlighted the Company's increase of paid users from 6.5 million users in 2015 to 11 million users by 2017, representing 69% growth over two years.

In connection with its second quarter 2019 earnings report, Dropbox still claimed to have "more than 500 million registered users" as of June 2019, indicating that the Company had experienced essentially no significant registered user growth since December 31, 2017 — months prior to the IPO. The Company had only converted an additional 2.6 million paid users in the year-and-a-half since the IPO, representing an annualized post-IPO growth rate of only 15% and less than 1% of the "300 million" figure provided in the Registration Statement. Similarly, the Company's revenue growth rate had dramatically decelerated to only 18% for 2019, a sharp decline from the 40% and 31% annual growth rates highlighted in the Registration Statement.

On August 27, 2019, Dropbox stock closed at $17.53 per share, representing a decline of more than 16% from the IPO price.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

NOTICE OF MOTION AND MOTION OF XIANGQUN MIAO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-06348-BLF; 4:19-cv-06360-JSW

### III.    ARGUMENT

#### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson*, 2007 U.S. Dist. LEXIS, at *6; *Mulligan*, 2013 U.S. Dist. LEXIS, at *10; *Woburn Ret. Sys.*, 2012 U.S. Dist. LEXIS, at *9.

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 77Z-1(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act by the Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

#### B.    MIAO SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the first-filed of the Related Actions, which in this case was published on October 4, 2019 (*see* Pafiti Decl., Ex. B).  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).  Miao's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Miao is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii)  otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  As set forth below, Miao satisfies all three of these criteria and thus believes that she is entitled to the rebuttable presumption that she is the most adequate plaintiff within the meaning of the PSLRA.  Specifically, Miao has the largest financial interest in the Action to her knowledge and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Miao respectfully urges the Court to appoint him to serve as Lead Plaintiff overseeing this litigation.

### 1.    Miao is Willing to Serve as Class Representative

On October 4, 2019, counsel for the plaintiff in first of the Related Actions to be filed, caused a notice (the "Notice") to be published over *Globe Newswire* pursuant to §21D(a)(3)(A)(i) of the PSLRA, which announced the pendency of that action and advised investors in Dropbox securities that they had 60 days—*i.e.*, until December 3, 2019—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. B.  Miao has filed the instant motion pursuant to that Notice, and has attached a Certification attesting that she is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. C.  Under the PSLRA, Miao's actions were timely and legally

NOTICE OF MOTION AND MOTION OF XIANGQUN MIAO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-06348-BLF; 4:19-cv-06360-JSW

sufficient.  Accordingly, Miao readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.     Miao Is the Most Adequate Plaintiff within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Miao is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

### a.     Miao Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of her knowledge, Miao has the largest financial interest of any Dropbox investor seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,

2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).

Pursuant or traceable to the Registration Statement issued in connection with the Company's IPO, Miao: (1) purchased 4,300 shares of Dropbox Class A common stock; (2) expended $137,468 in net funds on her purchases of Dropbox stock; (3) retained all of her shares of Dropbox stock; and (4) incurred losses of approximately $13,330 in connection with her transactions in Dropbox stock. *See* Pafiti Decl., Ex. A. Thus, under the *Lax* factors, Miao believes that she has the largest financial interest among any potential lead plaintiff movants in this Action, thereby entitling Miao to a rebuttable presumption that she is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that she also satisfies the requirements of Fed. R. Civ. P. 23.

### b.    Miao Otherwise Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable "most adequate plaintiff" presumption, the movant must also demonstrate that it "otherwise satisfies the requirements of Rule 23." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). A *prima facie* showing suffices for this determination. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *13 (N.D. Cal. Jan. 25, 2017). Miao readily passes muster.

Miao satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*,

976 F.2d 497, 508 (9th Cir. 1992)).  Miao's claims are typical of those of the Class members. Like all Class members, Miao alleges that: (1) Defendants violated the Securities Act by making false or misleading statements of material facts and/or omitting to disclose material facts concerning Dropbox; (2) Miao and the Class members purchased Dropbox securities pursuant or traceable to the Registration Statement at prices allegedly inflated by Defendants' misrepresentations or omissions; (3) Miao and the Class members were damaged upon the revelation of Defendants' alleged fraud through partial corrective disclosures that drove Dropbox's stock price downward.  These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Miao's typicality under Rule 23(a)(3).

Miao also satisfies the Rule 23(a)(4) adequacy requirement.  In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).  Here, Miao has submitted a signed Certification declaring her commitment to protect the interests of the Class.  *See* Pafiti Decl., Ex. C.  Miao has no conflicts of interest or antagonism with the Class of Dropbox investors she seeks to represent.  Miao's significant losses from her trades in Dropbox securities pursuant or traceable to the Registration Statement issued in connection with the Company's IPO demonstrate that she has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

In addition, Miao has further demonstrated her ability to pursue securities fraud claims through her choice of counsel, Pomerantz, one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.C., *infra*.  Miao's and Pomerantz's willingness and ability to zealously litigate the claims in this action on behalf of the Class cannot reasonably be questioned.

NOTICE OF MOTION AND MOTION OF XIANGQUN MIAO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-06348-BLF; 4:19-cv-06360-JSW

### C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Miao has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Pafiti Decl., Ex. D. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach. Courts in the Ninth Circuit and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in many actions pending within the Ninth Circuit, including *Staublein v. ACADIA Pharmaceuticals, Inc.*, No. 18-cv-01657 (C.D. Cal.); *Barnes v. Edison International*, No. 18-cv-09690 (C.D. Cal.); and *Ferris v. Wynn Resorts Ltd.*, No. 18-cv-00479 (D. Nev.).

As a result of their extensive experience in similar litigation, Miao's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute this litigation effectively and expeditiously. The Court may be assured that by approving Miao's selection of Pomerantz as Lead Counsel, the Class members will receive the

best legal representation available.    Thus, Miao respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## IV.    CONCLUSION

For the foregoing reasons, Miao respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Miao as Lead Plaintiff for the Class; and (3) approving her selection of Pomerantz as Lead Counsel for the Class.

Dated:  December 3, 2019                        Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone:  (310) 405-7190
Email:  jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice application forthcoming*)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Xiangqun Miao  and*
*Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF XIANGQUN MIAO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-06348-BLF; 4:19-cv-06360-JSW

**PROOF OF SERVICE**

I hereby certify that on December 3, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*
Jennifer Pafiti

NOTICE OF MOTION AND MOTION OF XIANGQUN MIAO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:19-cv-06348-BLF; 4:19-cv-06360-JSW