**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Ognjen Kuraica*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MICHAEL DEINNOCENTIS, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff<br><br>        vs.<br><br>DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., and SC XII MANAGEMENT, LLC.,ACADEMY SECURITIES, INC., BTIG, LLC, CANACCORD GENUITY LLC, CASTLEOAK SECURITIES, L.P.,<br><br>        Defendants. | No. 5:19-cv-06348-BLF<br><br>Hon. Beth Labson Freeman<br><br>**MOTION OF OGNJEN KURAICA FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD COUNSEL; AND MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date: January 30, 2020<br>Time: 9:00 a.m.<br>Courtroom: 3-5th Floor |

MEMORANDUM AND POINTS OF AUTHRORITIES IN SUPPORT OF OGNJEN KURAICA'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 3:19-CV-06348-BLF, 3:19-CV-06360-JSW

| | |
|---|---|
| BRYAN PIKAL, Individually and on behalf of all others similarly situated, | No. 4:19-cv-06360-JSW |
| Plaintiff | Hon. Jeffrey S. White |
| vs. | |
| DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., SC XII MANAGEMENT, LLC, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, JEFFERIES LLC, MACQUARIE CAPITAL (USA) INC., CANACCORD GENUITY LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and PIPER JAFFRAY & CO., | |
| Defendants. | |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on January 30, 2020 at 9:00 a.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Beth Labson Freeman at the United States District Court for the Northern District of California, San Jose Courthouse, 80 South 1st Street, San Jose, CA 95113, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the Private

ii

Securities Litigation Reform Act of 1995, for an Order:

      1.      Consolidating the above-captioned Actions;

      2.      Appointing Ognjen Kuraica ("Movant") as Lead Plaintiff;

      3.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as Lead Counsel; and

      4.      Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of his motion for: (a) Consolidation of the Actions, (b) appointment of Movant as Lead Plaintiff; and (c) approval of Levi & Korsinsky as Lead Counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT.................................................................................................. 1

II.     STATEMENT OF ISSUES TO BE DECIDED................................................................... 2

III.    STATEMENT OF FACTS...................................................................................................... 2

IV.     ARGUMENT ............................................................................................................................ 4

  A. Consolidation of The Actions Is Appropriate ..................................................................... 4

  B. Movant's Appointment as Lead Plaintiff Is Appropriate. ................................................. 5

    1.  The Procedure Required by the PSLRA.......................................................................... 5

      a.  Movant Is Willing to Serve as Class Representative............................................ 7

      b.  Movant Has the Largest Financial Interest in the Relief Sought by the Class...... 7

    2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. .............................................................................................................................. 7

      a.  Movant's Claims Are Typical of the Claims of All Class Members. ................... 8

      b.  Movant Will Adequately Represent the Class....................................................... 9

  C. Approval of Movant's Choice of Counsel Is Appropriate. ........................................... 10

V.      CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,

No. 13-cv-04921-JST, 2014 WL 342625 (N.D. Cal. Jan. 27, 2014) ...................................... 7

*Burnett v. Rowzee*,

2007 U.S. Dist. LEXIS 89799 (C.D. Cal. Nov. 26, 2007) ....................................................... 5

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002) ........................................................................................... 1, 7, 8

*Crawford v. Honig*,

37 F.3d 485 (9th Cir. 1994) .................................................................................................... 10

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) .............................................................................................. 9

*Francisco v. Abengoa, S.A.,*

No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016) .............................. 11

*Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147 (1982) .................................................................................................................. 9

*Gold v. Lumber Liquidators, Inc.,*

323 F.R.D. 280 (N.D. Cal. 2017) .............................................................................................. 9

*Hanlon v. Chrysler Corp.*,

150 F.3d 1011 (9th Cir. 1998) ................................................................................................... 9

*Haung v. Acterna Corp.,*

220 F.R.D. 255 (D. Md. 2004) .................................................................................................. 8

*Hessefort v. Super Micro Computer, Inc,*

317 F.Supp.3d 1056 (N.D. Cal. 2018)....................................................................................... 8

*Hufnagle v. Rino Int'l Corp.,*

2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 14, 2011) ........................................................ 5

v

MEMORANDUM AND POINTS OF AUTHRORITIES IN SUPPORT OF OGNJEN KURAICA'S MOTION FOR
CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-06348-BLF, 3:19-cv-06360-JSW

*Inchen Huang v. Depomed, Inc.*,

289 F. Supp. 3d 1050 (N.D. Cal. 2017)...................................................................................... 11

*Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*,

2007 U.S. Dist. LEXIS 26529 (N.D. Cal. Mar. 22, 2007) ........................................................ 5

*Isaacs v. Musk,*

No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018)............................. 11

*In re LendingClub Sec. Litig.,*

282 F.Supp.3d 1171 (N.D. Cal. 2017).................................................................................... 9

*Levin v. Res. Capital Corp.*,

No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015)............................ 11

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.,*

2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014)........................................................ 5

*In re Milestone Sci. Sec. Litig.*,

183 F.R.D. 404 (D.N.J. 1998) ................................................................................................ 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,

182 F.R.D. 42 (S.D.N.Y. 1998)............................................................................................... 9

*Polat v. Regulus Therapeutics, Inc.*,

No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017) 11

*Pope v. Navient Corp.*,

No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018)............................ 11

*Robidoux v. Celani*,

987 F.2d 931 (2d Cir. 1993) ................................................................................................... 9

*Shreves v. Xunlei Ltd.,*

2015 U.S. Dist. LEXIS 123745 (C.D. Cal. Sept. 15, 2015) .................................................... 5

*In re Tesla, Inc. Sec. Litig.*,

No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) ............................ 11

MEMORANDUM AND POINTS OF AUTHRORITIES IN SUPPORT OF OGNJEN KURAICA'S MOTION FOR
CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL
Nos. 3:19-cv-06348-BLF, 3:19-cv-06360-JSW

*Veal v. LendingClub Corporation,*

    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ............................................................................. 8

*Weisz v. Calpine Corp.,*

    2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002) ........................................................ 5

**Statutes**

15 U.S.C. § 77z-1(3)(B)(iii)(I) ............................................................................................... 10

15 U.S.C. § 77z-1(a)(3)(A) ....................................................................................................... 6

15 U.S.C. § 77z-1(a)(3)(B) ................................................................................................ passim

15 U.S.C. § 77z-1(a)(3)(B)(i) ................................................................................................... 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ......................................................................................... 10

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) ................................................................................. 10

15 U.S.C. § 77z-1(a)(3)(B)(v) ............................................................................................... 10

**Rules**

Fed. R. Civ. P. 23(a) ....................................................................................................... 1, 8, 9

Fed. R. Civ. P. 42(a) ................................................................................................................. 4

## I. SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons who purchased, or otherwise acquired Dropbox, Inc. ("Dropbox" or the "Company") Class A common stock pursuant or traceable to Dropbox's Registration Statement (collectively, the "Registration Statement") issued in connection with Dropbox's March 23, 2019 initial public stock offering (the "IPO" or "Offering"). Plaintiff in the Action alleges violations of the Securities Act of 1933 (the "Securities Act") against the Company, Andrew W. Houston ("Houston"), Ajay V. Vashee ("Vashee"), Timothy J. Regan ("Regan"), Arash Ferdowsi ("Ferdowsi"), Robert J. Mylod, Jr., ("Mylod"), Donald W. Blair ("Blair"), Paul E. Jacobs ("Jacobs"), Condoleeza Rice ("Rice"), R. Bryan Schreier ("Schreier"), Margaret C. Whitman ("Whitman"), and the Underwriter Defendants.,[1] (collectively "Defendants").

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Ognjen Kuraica ("Movant") lost approximately $11,490.30 as a result of the alleged fraud pursuant to the IPO.[2] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the

---

[1] The Underwriter Defendants are Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Allen & Company LLC, RBC Capital Markets, LLC, Jefferies LLC, Macquarie Capital (USA) Inc., Canaccord Genuity LLC, JMP Securities LLC, Keybanc Capital Markets Inc., and Piper Jaffray & Co. The *Deinnocentis* Action does not name all of the Underwriter Defendants in the Complaint.

[2] Movant's certification identifying his transactions in Dropbox, as required by the PSLRA, as well as a chart identifying his losses, are attached to the Declaration of Adam C. McCall, dated December 3, 2019 ("McCall Decl."), as Exhibits A and B, respectively.

Class.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully request that (a) the Actions be Consolidated, (b) he be appointed Lead Plaintiff, and (b) Levi & Korsinsky be approved as Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.    Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

3.    Whether Movant's choice of Lead Counsel should be approved.

## III.    STATEMENT OF FACTS[4]

Dropbox is a software and technology Company commonly known for its eponymous file-sharing service. ¶¶ 24-25. Dropbox allows users to store and share files over the Internet. ¶ 25 Users can upload photos, videos, and other files from devices such as cameras, tablets, SD cards or smart phones using the Company's platform. *Id.*  Over 90% of the Company's revenues were derived from self-serve channels, meaning users who purchase a subscription through Dropbox's app or website. *Id.*

The Company's Class A common stock trades on the NASDAQ under the ticker symbol "DBX.". ¶ 24. Dropbox maintains a multi-share class voting structure designed to concentrate voting control in the hands of Company insiders and early investors, such as the Defendants, while transferring a disproportionate amount of the economic risk of investing in the Company onto outside investors. *Id.* Class A shares, which were sold in the IPO, have one vote each, while Class B shares, which are held by Company insiders and early stage investors, have ten votes

---

[3] The "Class" is comprised of all persons who purchased, or otherwise acquired Dropbox Class A common stock pursuant to the IPO.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Deinnocentis* Complaint") filed in the Action entitled *Deinnocentis v. DropBox, Inc., et al.,* Case No. 5:19-cv-06348-BLF. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Deinnocentis* Complaint. The facts set forth in the *Deinnocentis* Complaint are incorporated herein by reference.

2

each[5]. *Id.* Following the IPO, outstanding shares of Class B common stock represented approximately 98.1% of the voting power of Dropbox's outstanding capital stock. *Id.*

Since its founding in 2007, Dropbox experienced significant growth. ¶ 26. As of December 31, 2017, Dropbox had accumulated over 500 million registered users, making it one of the largest dedicated file-sharing providers in the world. *Id.* The overwhelming majority of these users did not pay for the Company's products. *Id.* At the time, only 11 million Dropbox users were paying users, representing approximately 2.2% of all registered users. *Id.* However, this figure represented a rapid increase in the number of paying users in the lead-up to the IPO. *Id.* In 2017, the number of paying users had increased by 25% year over year, and in 2016 the number of paying users had increased by 35% year over year. *Id.*

On February 23, 2018, Dropbox filed a registration statement for the IPO on Form S-1, which, after several amendments, was declared effective on March 22, 2018 (the "Registration Statement"). ¶ 29. Approximately a month later, Dropbox filed the prospectus for the IPO on Form 424B4, which incorporated and formed part of the Registration Statement. *Id.* By way of the Registration Statement, Defendants offered and sold 41.4 million Class A shares at $21 per share for over $869 million in gross offering proceeds, which included the full exercise of underwriters' over-allotment option to sell an additional 5.4 million shares. *Id.* Additionally, the Company conducted a private offering of Class A stock concurrently with the IPO in which it sold over 4.7 million shares to an institutional investor for an additional $100 million in gross proceeds. *Id.* Numerous Company insiders, including certain of the Individual Defendants, also sold stock in the IPO, raking in more than $184 million after applicable underwriting discounts. *Id.* Underwriters received more than $38.6 million in underwriting discounts and fees from the IPO proceeds, and several, including lead underwriters Goldman Sachs & Co. LLC and J.P. Morgan Securities LLC, received tens of millions of dollars more as a result of payments by

---

[5] The Company also has Class C shares, which have no voting rights but can be converted into Class A shares under certain circumstances. The Company had no Class C shares outstanding immediately after the IPO.

Dropbox towards a revolving credit facility maintained by these investment banks. *Id.*

The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation. ¶ 30. Specifically, the Registration Statement claimed that a significant proportion of the Company's registered user base was primed for monetization. *Id.* It claimed that 300 million of the Company's 500 million registered users had unique characteristics making them likely to be monetized over time, purportedly presenting a "significant opportunity to increase [the Company's] revenues." *Id.*

Dropbox materially overstated its ability to monetize its user base. ¶ 34. Additionally, the Registration Statement highlighted the rapid pace of Dropbox's revenue growth leading up to the IPO, while failing to disclose worsening revenue trends that were negatively impacting the Company at the time of the IPO and the operational and competitive headwinds causing these trends. ¶ 35.

As the truth emerged after almost a year and a half after the IPO, the Company's stock fell to $17.53 per share on August 27, 2019, a decline of more than 16% from the $21.00 IPO price. ¶ 42.

## IV. ARGUMENT

### A. Consolidation of The Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v.*

4

*Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Burnett v. Rowzee*, 2007 U.S. Dist. LEXIS 89799, at *5 (C.D. Cal. Nov. 26, 2007) ("The threshold issue [in determining consolidation] is whether the two proceedings involve a common party and common issues of fact or law." (citation omitted)); *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*, 2007 U.S. Dist. LEXIS 26529, at *5 (N.D. Cal. Mar. 22, 2007) ("[T]he main question for a court in deciding whether to consolidate is whether there is a common question of law or fact.").. Consolidation is particularly appropriate in securities class action litigation. *See Hufnagle v. Rino Int'l Corp.*, 2011 U.S. Dist. LEXIS 19760, (C.D. Cal. Feb. 14, 2011); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014); *Shreves v. Xunlei Ltd.*, 2015 U.S. Dist. LEXIS 123745 (C.D. Cal. Sept. 15, 2015). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they each involve the same subject matter and are based on the same wrongful course of conduct. Each names Dropbox and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Burnett*, 2007 U.S. Dist. LEXIS 89799, at *2.

## B. Movant's Appointment as Lead Plaintiff Is Appropriate.

### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is

5

brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant Is Willing to Serve as Class Representative.

On October 4, 2019 counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 27(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Dropbox and the Individual Defendants, and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action. Movant has reviewed the complaint filed in the pending action and has timely filed his motion pursuant to the Notice.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 WL 342625, at *1-2 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Pursuant to the Company's IPO, Movant transacted in Dropbox Class A common stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. Movant suffered a substantial loss of approximately $11,490.30. *See* McCall Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

7

requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a.   Movant's Claims Are Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also*

*Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, purchased Dropbox Class A common stock pursuant to the IPO at prices artificially inflated by the defendants' materially false and misleading statements, and were damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class.

Moreover, Movant is an adequate representative of the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class.

9

15 U.S.C. § 77z-1(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

**C.  Approval of Movant's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. Levi & Korsinsky has extensive experience in successfully prosecuting complex securities class actions such as these and is well-qualified to represent the Class. *See* McCall Decl., Ex. D (the firm resume of Levi & Korsinsky). *See Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL

10

6182753, at *4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.,* No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 CIV. 7081 (LLS), 2015 WL 7769291, at *2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. CV 17-8373 (RBK/AMD), 2018 WL 672640, at *5 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *see also Inchen Huang v. Depomed*, *Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same).

## V.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) Consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Action; and (3) approve Levi & Korsinsky as Lead Counsel for the Class.

*[Signature on Following Page]*

MEMORANDUM AND POINTS OF AUTHRORITIES IN SUPPORT OF OGNJEN KURAICA'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NOS. 3:19-CV-06348-BLF, 3:19-CV-06360-JSW

Dated: December 3, 2019                    Respectfully submitted,

                                          **LEVI & KORSINSKY, LLP**

                                          /s/ *Adam C. McCall*
                                          Adam C. McCall (SBN 302130)
                                          Adam M. Apton (SBN 316506)
                                          388 Market Street, Suite 1300
                                          San Francisco, CA 94111
                                          Tel: (415) 373-1671
                                          Email: amccall@zlk.com
                                          Email: aapton@zlk.com

                                          *Attorneys for Movant Ognjen Kuraica and Proposed Lead
                                          Counsel for the Class*

MEMORANDUM AND POINTS OF AUTHRORITIES IN SUPPORT OF OGNJEN KURAICA'S MOTION FOR
CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL
NOS. 3:19-CV-06348-BLF, 3:19-CV-06360-JSW