Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MICHAEL DEINNOCENTIS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS,CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., and SC XII MANAGEMENT, LLC, <br><br> Defendants. | Case No. 5:19-cv-06348-BLF <br><br> **NOTICE OF MOTION AND MOTION OF LUIS CHAVEZ FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF** <br><br> <u>CLASS ACTION</u> <br><br> Judge: Hon. Beth Labson Freeman <br> Hearing Date: January 30, 2020 <br> Time: 9:00 a.m. <br> Ctrm: 3 – 5th Floor |
| BRYAN PIKAL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, | Case No.: 4:19-cv-06360-JSW <br><br> CLASS ACTION |

0

NOTICE OF MOTION AND MOTION OF LUIS CHAVEZ FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF; 5:19-cv-06348-BLF

| TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN,SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC,SEQUOIA TECHNOLOGY PARTNERS XII,L.P., SC XII MANAGEMENT, LLC,  GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, JEFFERIES LLC, MACQUARIE CAPITAL (USA) INC., CANACCORD GENUITY LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and PIPER JAFFRAY & CO., | ) ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | | |

PLEASE TAKE NOTICE that on January 30, 2020 at 9:00 a.m. before the Honorable Beth Labson Freeman in Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, California 95133, Plaintiff Luis Chavez ("Movant") will, and does move this Court for an order granting his Motion: (a) consolidating the related actions; (b) appointing Movant as Lead Plaintiff; and (c) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

This Motion is brought pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), on the grounds that: (1) the related actions should be consolidated as they involve common questions of law and fact and consolidation would promote judicial economy; (2) Movant should be appointed Lead Plaintiff for the class of all purchasers or acquirers of Dropbox, Inc. ("Dropbox" or the "Company") Class A common stock pursuant and/or traceable to the Company's registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's March 23, 2018 offering

1

("Offering"), as Movant has timely made this Motion and is the "most adequate plaintiff" and otherwise satisfies the pertinent requirements of Rule 23 of the Federal Rules of Civil Procedure; and (3) Movant's selection of Rosen Law as Lead Counsel should be approved as the firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Luis Chavez ("Movant") respectfully submits this memorandum in support of Movant's motion for an Order, pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of Dropbox, Inc. ("Dropbox" or the "Company") Class A common stock pursuant and/or traceable to the Company's registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's March 23, 2018 offering ("Offering"), as Movant has timely made this Motion and is the "most adequate plaintiff" and otherwise satisfies the pertinent requirements of Rule 23 of the Federal Rules of Civil Procedure; and (3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

### I.   STATEMENT OF ISSUES TO BE DECIDED

a.     Whether the related actions should be consolidated pursuant to Rule 42;

b.     Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B); and

c.     Whether the Court should approve Movant's selection of Rosen Law as Lead Counsel for the class pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

### II.   STATEMENT OF FACTS

This action was filed on October 4, 2019 alleging violations of §§ 11, 12(a)(2) and 15 of the Securities Act. That same day, a notice pursuant to the PSLRA was issued, advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The related action styled as *Pikal v. Dropbox, Inc.*, No. 4:19-cv-06360, was filed in this Court that same day.

Dropbox is a file-sharing service that allows users to store and share files over the Internet. In March 23, 2018, Dropbox commenced a initial public offering ("IPO"), offering and selling 41.1 million shares of its Class A common stock at $21.00 per share. On March 23, 2019, Dropbox's common stock began trading on the NASDAQ.

The Registration Statement was false and misleading and omitted to state material adverse facts. Specifically, Defendants failed to disclose to investors that: (1) Dropbox had materially overstated its ability to monetize its user base; (2) Dropbox was facing worsening revenue trends that were negatively impacting the Company at the time of the IPO; (3) Dropbox was tracking below its internal revenue and monetization targets at the time of the IPO; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

In connection with its second quarter 2019 earnings report, Dropbox claimed to have "more than 500 million registered users" as of June 2019, indicating that the Company had experienced essentially no significant registered user growth since December 31, 2017 — months prior to the IPO. The Company had only converted an additional 2.6 million paid users in the year-and-a-half since the IPO, representing an annualized post-IPO growth rate of only 15% and less than 1% of the "300 million" figure provided in the Registration Statement. Similarly, the Company's revenue growth rate had dramatically decelerated to only 18% for 2019, a sharp decline from the 40% and 31% annual growth rates highlighted in the Registration Statement.

At the time the action was commenced, Dropbox's shares traded at $19.47 per share, below the offering price of $21.00 per share, injuring investors.

### III. ARGUMENT

#### 1. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the

2

court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### 2.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). As set forth below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed as Lead Plaintiff.

### a. Movant Is Willing to Serve as Class Representative

Movant timely filed the instant motion in response to a PSLRA early notice. Movant has filed herewith a PSLRA certification attesting that he is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### b. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest," a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

In connection with his purchases of Dropbox securities, Movant lost $13,405.86. Movant is not aware of any other movant that has suffered greater losses in Dropbox securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### d. Movant Satisfies the Requirements of Fed. R. Civ. P. 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satsif[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

4

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the federal securities laws by publicly disseminating a false and misleading Registration Statement. Movant, as did all of the members of the Class, purchased Dropbox securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other class members, as well as his desire to prosecute these actions on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### e. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

5

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### 2.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z- 1(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. Rosen Law has been actively researching the Class plaintiffs' claims, as well as reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, Rosen Law is experienced in the area of securities litigation and class actions, having been appointed as lead counsel or co-lead counsel in securities class actions in this District and in other courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Rosen Law's firm resume is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the Class will receive the best legal representation available.

### IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: December 3, 2019         Respectfully submitted,

                                **THE ROSEN LAW FIRM, P.A.**

                                 /s/ Laurence M. Rosen
                                Laurence M. Rosen, Esq. (SBN 219683)
                                355 South Grand Avenue, Suite 2450
                                Los Angeles, CA 90071
                                Telephone: (213) 785-2610
                                Facsimile: (213) 226-4684
                                Email: lrosen@rosenlegal.com

                                [Proposed] Lead Counsel for Plaintiff and Class


                                **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
                                Peretz Bronstein
                                60 East 42nd Street, Suite 4600
                                New York, NY 10165
                                Tel: (212) 697-6484
                                Fax: (212) 697-7296
                                Email: peretz@bgandg.com

                                Additional Counsel to Movant

7

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On December 3, 2019, I electronically filed the following **NOTICE OF MOTION AND MOTION OF LUIS CHAVEZ FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on December 3, 2019

/s/ Laurence M. Rosen
Laurence M. Rosen

8

NOTICE OF MOTION AND MOTION OF LUIS CHAVEZ FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT THEREOF; 5:19-cv-06348-BLF