Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant Chavez and [Proposed]*
*Lead Counsel for Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MICHAEL DEINNOCENTIS, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS,CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., AND SC XII MANAGEMENT, LLC,<br><br>        Defendants. | Case No: 5:19-cv-06348-BLF<br><br>**LUIS CHAVEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>CLASS ACTION<br>Judge: Hon. Beth Labson Freeman<br>Hearing Date: January 30, 2020<br>Time: 9:00 a.m.<br>Ctrm: 3 – 5th Floor |

[additional caption on following page]

| | |
|---|---|
| BRYAN PIKAL, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN,SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC,SEQUOIA TECHNOLOGY PARTNERS XII,L.P., SC XII MANAGEMENT, LLC,  GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, JEFFERIES LLC, MACQUARIE CAPITAL (USA) INC., CANACCORD GENUITY LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., AND PIPER JAFFRAY & CO.,<br><br>     Defendants. | Case No: 4:19-cv-06360-JSW<br><br><u>CLASS ACTION</u> |

Movant Luis Chavez respectfully submits this Memorandum of Points and Authorities in opposition to the competing motions for consolidation of related actions, appointment as lead plaintiff and approval of counsel. *See* Dkt. Nos. 32, 36.

## PRELIMINARY STATEMENT

Four movants filed motions seeking appointment as lead plaintiff on behalf of purchasers or acquirers of Dropbox, Inc. ("Dropbox" or the "Company") securities  Class A common stock pursuant and/or traceable to the Company's registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's March 23, 2018 offering ("Offering").

Those motions were filed by: (1) Xiangqun Miao, Dkt. No. 28; (2) Ognjen Kuraica, Dkt. No. 32; (3) Rick Gammiere, Dkt. No. 36; and (4) Luis Chavez, Dkt. No. 38. On December 16, 2019, Xianqun Miao filed a notice of non-opposition to competing motions for consolidation of related actions, appointment of lead plaintiff and approval of lead counsel, noting that "Miao does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA." Dkt. No. 55.

Pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), the Court should appoint as lead plaintiff the movant with the largest financial interest who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Mr. Chavez satisfies these conditions and should be appointed lead plaintiff.

Mr. Chavez has the largest individual loss before the Court: $13,405.86. The remaining movants have smaller losses than Mr. Chavez. Thus, Mr. Chavez's motion should be granted in its entirety and the competing motions should be denied.

## ARGUMENT

### I.    CHAVEZ SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the Court must determine whether notice of the action was appropriate and timely. *Id.* at 729. Second, the district court will "compare the financial stakes of the various plaintiffs and determine which

LUIS CHAVEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:19-cv-06348-BLF

one has the most to gain from the lawsuit." *Id*. at 730. Next, the district court "must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id*. If the plaintiff with the largest financial interest satisfies the typicality and adequacy requirements, he is entitled to be appointed lead plaintiff. *Id*.

Once the presumptive lead plaintiff is determined, the court should decide if any of the competing movants have rebutted this presumption. *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001). Rebutting the presumption is no easy feat. "[T]he presumption 'may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Id.* at 268 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)) (emphasis omitted).

### 1. Chavez Has the Largest Financial Interest

Courts typically consider "*Olsten-Lax* Factors" in assessing financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the amount of loss suffered. *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. 1997)). As demonstrated by the following chart, Mr. Chavez has the largest financial interest under the *Olsten-Lax* factors.

| Movant | Shares Purchased | Shares Retained | Total Net Funds Expended | Net Loss (stated as filed) |
|---|---|---|---|---|
| Luis Chavez | **8,762** | **8,762** | **$184,002.00** | **$13,405.86** |
| Ognjen Kuraica | 7,510 | 7,510 | $157,710.00 | $11,490.30 |
| Rick Gammiere | 2,000 | 2,000 | $42,000.00 | $3,060.00 |

Mr. Chavez has the largest individual loss of $13,405.86. He purchased more shares pursuant and/or traceable to the Offering than the other movants. He also retained more shares than the other movants. *See Mulligan v. Impax Labs., Inc.*, No. C131037, 2013 WL 3354420, at *5 (N.D. Cal. July 2, 2013) (looking to number of shares purchased during and retained as of last day of class period); *Schueneman v. Arena Pharmaceuticals, Inc.*, 10CV2335, 2011 WL 3475380, at *4 (S.D. Cal. Aug. 8, 2011) (adopting retained shares method of calculating financial interest and appointing movant with $30,000 less in losses than competing movant because that movant retained 300,000 additional shares). Further, Mr. Chavez's net expenditures on Dropbox securities during the Class Period was larger than the other movants. *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) (appointing lead plaintiff movant in part because movant expended more net funds during class period). Thus, Mr. Chavez has suffered the largest loss of any movant. Mr. Chavez is the presumptive lead plaintiff and the Court should grant his motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

### 2.  Chavez Has Demonstrated His Typicality and Adequacy

As set forth in Mr. Chavez's opening papers, he has made a *prima facie* showing of his adequacy and typicality. Mr. Chavez has submitted a sworn certification attesting to his willingness to serve as lead plaintiff. *See* Dkt. No. 39-2. Mr. Chavez's claims are typical of other class members because they arise from the same legal theories and nucleus of fact. Mr. Chavez's interests are aligned with other class members as he has the same incentive to prove Defendants' fraud, misleading statements, misstatements, and omissions of material facts. There are no conflicts of interest between Mr. Chavez and absent class members. In short, because Mr. Chavez has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, he is the presumptive lead plaintiff. Movant should be appointed lead plaintiff and his selection of Lead Counsel should be approved. *See Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

### 3.  The Presumption in Favor of Chavez Has Not Been Rebutted

To overcome the strong presumption entitling Movant to be appointed lead plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Mr. Chavez. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Mr. Chavez, will not adequately represent the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence. . . ."); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 547-48 (N.D. Tex. 1997) ("speculative assertions are insufficient to rebut the presumption" of adequacy). Moreover, although the Court may compare putative lead plaintiff's losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d at 732.

As Mr. Chavez has the largest financial interest and has made a *prima facie* demonstration of his typicality and adequacy, and no movant has rebutted the presumption with proof, Mr. Chavez must be appointed Lead Plaintiff.

## II.    CHAVEZ'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 77z- 1(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Mr. Chavez has selected The Rosen Law Firm, P.A. as Lead Counsel. As demonstrated in the firm resume previously filed with the Court, The Rosen Law Firm has the resources and expertise to efficiently and aggressively litigate this action. *See* Dkt. No. 39-4.

6

## III.    COMPETING MOTIONS SHOULD BE DENIED

Because Mr. Chavez has the largest financial interest and satisfies the requirements of Rule 23, the other movants' motions are not entitled to further consideration. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."). In no way does Mr. Chavez concede or acknowledge that the other movants' are adequate or that their claims are typical. Mr. Chavez reserves the right to address the other movants' adequacy or typicality, should the Court reach their motions through the iterative process under *Cavanaugh*.

Dated:   December 17, 2019                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant Chavez and [Proposed]*
*Lead Counsel for Class*

LUIS CHAVEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL – No. 5:19-cv-06348-BLF

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On December 17, 2019, I electronically filed the following **LUIS CHAVEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**  with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on December 17, 2019.

/s/ Laurence Rosen
Laurence M. Rosen