**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (#270796)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160
Email:       rprongay@glancylaw.com

*Counsel for Lead Plaintiff Movant*
*Rick Gammiere*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MICHAEL DEINNOCENTIS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., and SC XII MANAGEMENT, LLC, <br><br> Defendants. | Case No. 5:19-cv-06348-BLF <br><br> **RICK GAMMIERE'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> Date:   January 30, 2020 <br> Time:   9:00 a.m. <br> Crtrm.:   3 – 5th Floor <br><br> Hon. Beth Labson Freeman |

[caption continues on following page]

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS
Case No. 5:19-cv-06348-BLF

BRYAN PIKAL, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., SC XII MANAGEMENT, LLC, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, JEFFERIES LLC, MACQUARIE CAPITAL (USA) INC., CANACCORD GENUITY LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and PIPER JAFFRAY & CO.,

Defendants.

Case No. 4:19-cv-06360-JSW

Lead Plaintiff Movant Rick Gammiere ("Gammiere" or "Movant") submits this memorandum of law in opposition to the three motions for appointment of lead plaintiff and approval of counsel filed by other purported class members in this action (Dkt. Nos. 28, 32, 38).[1]

## I.    INTRODUCTION

Four movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Gammiere (Dkt. No. 36);[2] Luis Chavez (Dkt. No. 38); Ognjen Kuraica (Dkt. No. 32); and Xiangqun Miao (Dkt. No. 28).[3]

The PSLRA directs the Court to "appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Of the four movants, however, only Gammiere has demonstrated that he is a member of the purported class. As such, only Gammiere is eligible to be appointed as lead plaintiff. While the other three movants claim to be members of the purported class, they have not demonstrated that their stock purchases are "pursuant or traceable" to initial public offering ("IPO") registration statement, as the class is defined in the complaints. *See* Dkt. No. 1; *Pikal v. Dropbox, Inc.*, 19-cv-06360-JSW, Dkt. No. 1 at 2. As such, they have not demonstrated that they are members of the purported class, and are thus ineligible to be appointed as lead plaintiff.

---

[1] All lead plaintiff movants support consolidation of the above-captioned related actions. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

[2] All "Dkt. No." references herein are to the docket in the first filed action unless otherwise noted.

[3] Xiangun Miao filed a Notice of Non-Opposition to Competing Motions on December 16, 2019. Dkt. No. 55.

As the only eligible movant, and as demonstrated in Gammiere's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 36), Gammiere is the only movant with any financial interest, and thus has the largest financial interest, in the relief sought by the class.[4] While the other movants claim to have losses larger than Gammiere's, they have failed to demonstrate that they are members of the class, and have therefore failed to demonstrated *any* financial interest in this action at all. As such, Gammiere is the presumptively "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Since Gammiere is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Gammiere should be appointed as lead plaintiff, and his selection of counsel should be approved.[5]

## II.   ARGUMENT

### A.   The PSLRA Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA mandates that the Court appoint the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" (*i.e.* "the most adequate plaintiff") to be lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

Once the Court identifies the presumptively most adequate plaintiff, the presumption may be rebutted only "upon proof . . . that the presumptively most adequate plaintiff" (1) "will not

---

[4] His financial interest, as measured by his loss, is $3,060.00. *See* Dkt. No. 37-3 (Loss Chart).

[5] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v).

fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Here, Gammiere is the presumptively most adequate plaintiff because he is the only *bona fide* movant, he filed a lead plaintiff motion in response to a notice, he has the largest financial interest, and he satisfies the requirements of Rule 23. Since no other movant has rebutted, or can rebut, this presumption, Gammiere should be appointed as lead plaintiff.

**B.      Only Gammiere Has Demonstrated that He Is Eligible to Be Appointed as Lead Plaintiff**

The PSLRA permits *only* a "member or members of the purported plaintiff class" to be appointed as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). Of the four movants, Gammiere alone has demonstrated that he is a member of the class.

This class action is limited to investors that purchased shares  pursuant or "traceable" to the Company's IPO registration statement. *See* Dkt. No. 1 at 2 ("This is a securities class action on behalf of all persons who purchased Dropbox Class A common stock pursuant or traceable to the Registration Statement . . . issued in connection with the Company's March 23, 2018 initial public offering."); *Pikal v. Dropbox, Inc.*, 19-cv-06360-JSW, Dkt. No. 1 at 2 ("This is a federal securities class action on behalf of all persons and entities, other than Defendants, who purchased Dropbox Class A common stock pursuant and/or traceable to the Company's Registration Statement . . . issued in connection with the Company's March 23, 2018 initial public offering."). A share is "traceable" when a plaintiff can "trace the chain of title for [the] share[] back to the [] offering, starting with their own purchase[] and ending with someone who bought directly in the [] offering." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106-07 (9th Cir. 2013). Such tracing is "often impossible" because "most trading is done through brokers who neither know nor care whether they are getting newly registered or old shares, and many brokerage houses do not identify specific shares with particular accounts but instead treat the account as having an undivided interest in the house's position." *Id.* at 1107 (internal quotation marks omitted).

However, "[w]hen all of a company's shares have been issued in a single offering under the same registration statement, this 'tracing' requirement generally poses no obstacle." *Id.* at 1106.

In this case, no movant purchased shares directly in the offering, *i.e.* pursuant to the IPO registration statement, and only Gammiere purchased shares verifiably traceable to the IPO registration statement. The IPO of Class A common stock at issue in this action occurred on March 23, 2018. *See* Dkt. No. 1 at 2. According to Dropbox's IPO registration statement, however, "as of December 31, 2017, there were 11,817,248 shares of [its] Class A common stock outstanding (including the Capital Stock Conversions), held by 1,310 stockholders of record."[6] The "Capital Stock Conversions" identified here consisted of "258,620 shares of preferred stock and 2,609,951 shares of Class B common stock that [were] convert[ed] into Class A common stock immediately prior to the completion of [the] offering." *Id.* at 9. The remaining 8,948,677 shares of Class A common stock[7] were issued and outstanding as of December 31, 2017. *Id.* at 52. These shares were not issued pursuant to the IPO registration statement, but may have entered the market as early as June 30, 2018. As explained in the IPO registration statement, these shares were "restricted securities" that "may be sold in the public market . . . if they qualify for an exemption from registration under Rule 144 or Rule 701 under the Securities Act." *Id.* at 178. Rule 144, as explained by Dropbox, provides:

> [O]nce we have been subject to the public company reporting requirements of Section 13 or Section 15(d) of the Exchange Act for at least 90 days, a person who is not deemed to have been one of our affiliates for purposes of the Securities Act at any time during the 90 days preceding a sale and who has beneficially owned the shares of our Class A common stock proposed to be sold for at least six months is entitled to sell those shares without complying with the manner of sale, volume limitation, or notice provisions of Rule 144, subject to compliance with the public information requirements of Rule 144.

*Id.* at 179. In sum, pursuant to Rule 144, certain owners of Dropbox stock were allowed to sell their shares into the market so long as (1) they owned the shares for at least six months, (2) they

---

[6] *See* IPO Prospectus, Dropbox, Inc., March 23, 2018, at 169, available at https://www.sec.gov/Archives/edgar/data/1467623/000119312518092764/d553522d424b4.htm (last visited December 16, 2019) (the "IPO Prospectus").

[7] This figure was calculated by subtracting the amount of Capital Stock Conversations from the amount of shares outstanding prior to the IPO (11,817,248 – 258,620 – 2,609,951 = 8,948,677).

---

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS
Case No. 5:19-cv-06348-BLF                                                                    4

held the stock for at least 90 days after the IPO and (3) they were not an affiliate of Dropbox within the last 90 days.

By June 30, 2018, a shareholder that was not an affiliate of Dropbox within the last 90 days (at the time of the IPO) could meet the requirements of Rule 144 because June 30, 2018 is more than 90 days after the IPO—when Dropbox became "subject to the public company reporting requirements of Section 13 or Section 15(d) of the Exchange Act"—and 6 months from December 31, 2017. *Id.*[8] Thus, certain owners of restricted stock that was held as of December 31, 2017, of which there were almost nine million shares, were allowed to sell their shares into the market on June 30, 2018. As such, shares purchased after June 30, 2018 are not *prima facie* traceable to the IPO registration statement because shares acquired after June 30, 2018 may be the Class A shares that were issued and outstanding prior to the IPO. In other words, tracing may prove "impossible" for purchases after June 30, 2018. *Century Aluminum*, 729 F.3d at 1107. Only Gammiere purchased shares before June 30, 2018:

| Movant | Date of First Purchase[9] |
|---|---|
| Rick Gammiere | 3/29/2018 |
| Luis Chavez | 10/5/2018 |
| Ongjen Kuraica | 7/10/2018 |
| Xiangqun Miao | 8/13/2018 |

Accordingly, only Gammiere can confidently assert that his shares are traceable to the IPO registration statement.

Moreover, the competing movants have not provided a compelling explanation as to why they believe their shares are traceable to the IPO registration statement, and thus have not provided a reason to believe they are members of the class.[10]

---

[8] Dropbox further explained that Rule 701 relaxes some of the obligations of Rule 144 for certain sellers, but affirms that "[a]ll holders of Rule 701 shares, however, are required to wait until 90 days after the date of this prospectus before selling those shares pursuant to Rule 701." *Id.*

[9] *See* Dkt. Nos. 29-3, 33-1, 37-2 ,39-2 (movants' certifications).

[10] If the other movants wish to seek limited discovery on Defendants or third parties in order to acquire evidence that their shares are traceable to the IPO registration statement, Gammiere would not oppose that request, in order to shield the class from a lead plaintiff that lacks standing to pursue the claims of the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iv).

---

Since only Gammiere has demonstrated that his shares are traceable to the IPO registration statement, only Gammiere has demonstrated that he is a member of the purported class as required by the PSLRA. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i); *see also Doherty v. Pivotal Software, Inc.*, No. 19-cv-03589-CRB, 2019 WL 5864581, at *11 (N.D. Cal. Nov. 8, 2019) (declining to appoint a movant as lead plaintiff that "has not plausibly alleged that its shares are traceable to the [] IPO and therefore has not plausibly alleged that it has Section 11 standing"). Accordingly, Gammiere is the only movant eligible to be appointed as lead plaintiff.

### C.    Since Gammiere Is the Only Bona Fide Movant, Gammiere Is the Presumptively Most Adequate Plaintiff

Gammiere is the only *bona fide* movant, and satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). First, Gammiere filed a motion for appointment as lead plaintiff. *See* Dkt. No. 36; 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa). Second, Gammiere satisfies the requirements of Rule 23, as demonstrated in Gammiere's memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 36 at 8-10; 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Finally, Gammiere has the only (and therefore largest) financial interest in the relief sought by the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

The PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, so district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. District courts, however, commonly rely on the four-factor *Olsten–Lax* test, which considers: (1) total shares purchased; (2) net shares purchased; (3) net funds expended; and (4) approximate losses suffered. *See Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013). Of the four factors, the fourth (losses suffered) is the "most important." *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016); *see also Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (citing *Bruce v.*

*Suntech Power Holdings Co.*, No. 12-cv-04061-RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012)).

Here, Gammiere has the largest financial interest in the relief sought by the class because he is the only movant with a financial interest. The other three movants have not demonstrated that their shares are traceable to the IPO registration statement, and thus have failed to demonstrate any financial interest at all:

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Approximate Losses Suffered |
|---|---|---|---|---|
| Rick Gammiere | 2,000 | 2,000 | -$67,846 | $3,060.00 |
| Luis Chavez | 0 | 0 | $0.00 | $0.00 |
| Ongjen Kuraica | 0 | 0 | $0.00 | $0.00 |
| Xiangqun Miao | 0 | 0 | $0.00 | $0.00 |

Accordingly, Gammiere has the largest (and only) financial interest in the relief sought by the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb). Since Gammiere also satisfies the requirements of Rule 23, Gammiere is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).[11]

**D.     The Presumption that Gammiere Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). No proof has been presented that Gammiere would be inadequate or subject to unique defenses. Moreover, Gammiere is not aware of any possible basis for such a contention. As such, Gammiere should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff

---

[11] Even if this Court credited the three competing movants' claimed losses, their tracing issues, identified *supra*, render them atypical and open to standing issues, which disqualify them from serving as lead plaintiff. *See Pivotal Software*, 2019 WL 5864581, at *11 ("The Group has not plausibly alleged that its shares are traceable to the Pivotal IPO and therefore has not plausibly alleged that it has Section 11 standing. Accordingly, the Court finds that the Group is atypical and declines to appoint it as lead plaintiff of the consolidated action.").

status.").

**E.      Gammiere's Choice of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 733 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). As such, a District Court should only interfere with the lead plaintiff's choice of counsel if the choice "is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Id.* at 733; *see also Bodri v. Gopro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at \*5 (N.D. Cal Apr. 28, 2016) (same).

Here, Gammiere has selected Glancy Prongay & Murray LLP to be lead counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 37-4 (Glancy Prongay & Murray LLP firm résumé). The firm has more than 20 years of experience successfully representing injured investors. *See id.* By approving Gammiere's selection of counsel, the Court may be assured that the class will receive the highest caliber of legal representation. *See Fitbit*, 2016 WL 2654351, at \*7 (appointing Glancy Prongay & Murray LLP). Accordingly, Gammiere's selection of lead counsel for the class should be approved.

**III.   CONCLUSION**

For the foregoing reasons, Gammiere respectfully requests that the Court enter an Order: (1) consolidating the above-captioned related actions; (2) appointing Rick Gammiere as Lead Plaintiff; (3) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) denying the competing motions.

DATED:  December 17, 2019

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Robert V. Prongay*
Lionel Z. Glancy
Robert V. Prongay
Charles Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  info@glancylaw.com

*Counsel or Lead Plaintiff Movant*
*Rick Gammiere*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS
Case No. 5:19-cv-06348-BLF

9

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On December 17, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 17, 2019, at Los Angeles, California.

*s/ Robert V. Prongay*
Robert V. Prongay