Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Pikal*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON MICHAEL DEINNOCENTIS, Individually and on Behalf of All Others Similarly Situated, | Case No.: 5:19-cv-06348-BLF |
| Plaintiff, | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER SECURITIES CLASS ACTIONS SHOULD BE RELATED** |
| v. | |
| DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., and SC XII MANAGEMENT, LLC, | Date Filed: October 4, 2019 Judge: Beth Labson Freeman |
| Defendants. | |

[Caption continued on next page]

ADMINISTRATIVE MOTION TO CONSIDER WHETHER SECURITIES CLASS ACTIONS
SHOULD BE RELATED

BRYAN PIKAL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

     Plaintiff,

     v.

DROPBOX, INC., ANDREW W. HOUSTON, AJAY V. VASHEE, TIMOTHY J. REGAN, ARASH FERDOWSI, ROBERT J. MYLOD, JR., DONALD W. BLAIR, PAUL E. JACOBS, CONDOLEEZZA RICE, R. BRYAN SCHREIER, MARGARET C. WHITMAN, SEQUOIA CAPITAL XII, L.P., SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC, SEQUOIA TECHNOLOGY PARTNERS XII, L.P., SC XII MANAGEMENT, LLC, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, ALLEN & COMPANY LLC, RBC CAPITAL MARKETS, LLC, JEFFERIES LLC, MACQUARIE CAPITAL (USA) INC., CANACCORD GENUITY LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., and PIPER JAFFRAY & CO.,

     Defendants.

Case No.: 4:19-cv-06360-JSW

Date Filed: October 4, 2019
Judge: Jeffrey S. White

ADMINISTRATIVE MOTION TO CONSIDER WHETHER SECURITIES CLASS ACTIONS SHOULD BE RELATED

Pursuant to Civ. Loc. R. 3-12, Plaintiff Bryan Pikal respectfully requests this Court deem the matter of *Pikal v. Dropbox, Inc., et al.*, Case No. 4:19-cv-06360-JSW (N.D. Cal.) ("*Pikal* Action") related to *Deinnocentis v. Dropbox, Inc., et al.*, Case No. 5:19-cv-06348-BLF (N.D. Cal.) ("*Deinnocentis* Action" and with the *Pikal* Action, the "Securities Class Actions"). As discussed below, the criteria for relation are met here, therefore, relation is proper under Civ. Loc. R. 3-12.

The following actions were filed in the following order:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Deinnocentis v. Dropbox, Inc., et al.* | 5:19-cv-06348-BLF | 10/04/2019 |
| *Pikal v. Dropbox, Inc., et al* | 4:19-cv-06360-JSW | 10/04/2019 |

## ARGUMENT

Pursuant to Civ. Loc. R. 3-12(a), actions are defined as related when: (1) they "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. Loc. R. 3-12(a). Both criteria are met here. The *Deinnocentis* Action and the *Pikal* Action were filed on the same day, address substantially the same transactions with overlapping sets of facts and involve many of the same parties. Specifically, the *Deinnocentis* Action and the *Pikal* Action allege that Dropbox, Inc.'s ("Dropbox" or the "Company") Registration Statement issued in connection to its initial public offering ("IPO") was false and misleading and omitted to state material adverse facts including: (1) Dropbox had materially overstated its ability to monetize its user base; (2) Dropbox was facing worsening revenue trends that were negatively impacting the Company at the time of the IPO; (3) Dropbox was tracking below its internal revenue and monetization targets at the time of the IPO; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

Given the similarities between the Securities Class Actions and the fact that these cases are pending in this District, treating the cases as related would serve the interests of judicial economy and avoid the potential for conflicting rulings on common issues. Because the requirements of Loc. R. 3-12

are met, relation is appropriate. *In re Leapfrog Enterprises Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005) (relating cases where the cases concerned the same defendants, similar factual allegations, and similar causes of action).

## CONCLUSION

For the above stated reasons, Pikal respectfully requests that pursuant to Civ. Loc. R. 3-12, the Court relate the Securities Class Actions.

Dated: January 3, 2020                             Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Pikal*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice for this action.

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Pikal*