**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JASON MICHAEL DEINNOCENTIS,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC., et al.,<br><br>Defendants. | Case No. 19-cv-06348-BLF<br><br>**ORDER GRANTING MOVANT KURAICA'S MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; TERMINATING COMPETING MOTIONS**<br><br>[Re: ECF 28, 32, 36, 38] |

This securities class action is brought on behalf of those who purchased, or otherwise acquired Dropbox, Inc. stocks pursuant to Dropbox Inc.'s ("Dropbox") registration statement issued in connection with the Company's March 23, 2018 initial public offering (the "IPO"). The complaint asserts claims under the Securities Act of 1933 against Dropbox, the Company's senior executive officers and directors, and the venture capital sponsors of the IPO.

Before the Court are four competing motions to consolidate this action with the related case *Pikal v. Dropbox, Inc., et al.*, Case No. 3:19-cv-06360-BLF ("Pikal Action"), appoint lead plaintiff, and approve lead counsel. ECF 28, 32, 36, 38. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for submission without oral argument and hereby VACATES the hearing set on January 30, 2020.

For the reasons stated below, the Court GRANTS Ognjen Kuraica's motion for consolidation, APPOINTS Kuraica as lead plaintiff, and APPROVES Levi & Korsinsky, LLP as lead counsel. The competing motions are TERMINATED because (1) Luis Chavez has withdrawn his motion and (2) Xiangqun Miao and Rick Gammiere have informed the Court that they do not oppose Kuraica's motion.

## I. BACKGROUND

Dropbox is a software and technology company, founded in 2007, and is commonly known for its eponymous filesharing service. Complaint ("Compl.") ¶¶ 24-25, ECF 1. Dropbox's Class A common stock trades on the NASDAQ under the ticker symbol "DBX." *Id.* ¶ 24. On February 23, 2018, Dropbox filed a registration statement for the IPO on Form S-1, which, after several amendments, was declared effective on March 22, 2018 (the "Registration Statement"). *Id.* ¶ 29. The Complaint alleges that the Registration Statement "was negligently prepared and, as a result, contained untrue statements of material fact or omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation." *Id.* ¶ 30. According to the Complaint, once "the truth" emerged, Dropbox's stock fell 16% from the IPO price. *Id.* ¶ 42.

On October 4, 2019, Plaintiff Jason Michael Deinnocentis filed this class action lawsuit individually and on behalf of all persons who purchased Dropbox Class A common stock pursuant or traceable to the Registration Statement. Compl. ¶ 1. The action asserts claims under the Securities Act of 1933 ("Securities Act") against Dropbox, the Company's senior executive officers and directors, and venture capital sponsors of the IPO. *Id.* On October 4, 2019, counsel for Deinnocentis caused a notice (the "Notice") to be published pursuant to Section 27(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Dropbox and certain of its officers, and advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action. Declaration of Adam McCall ("McCall Decl."), Exh. C, ECF 33-3.

On December 3, 2019, Xiangqun Miao, Ognjen Kuraica, Rick Gammiere, and Luis Chavez filed competing motions for appointment of lead plaintiff and lead counsel. ECF 28, 32, 36, 38. On December 16, 2019, Miao filed a notice of non-opposition to the competing motions, noting that "[h]aving reviewed the competing motions before the Court, Miao does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA." ECF 55 at 1. On December 17, 2019, Chavez, Kuraica, and Gammiere timely filed oppositions to the competing lead plaintiff movants. ECF 56, 57, 59. On December 23, 2019, Gammiere filed a non-opposition to the appointment of Kuraica as the lead plaintiff. ECF 60 at 2. On December 24, 2019, Chavez withdrew

his motion for lead plaintiff. ECF No. 61. Accordingly, Kuraica's motion is unopposed.

Kuraica moves the Court to (1) consolidate this action with the Pikal Action, (2) appoint Ognjen Kuraica as lead plaintiff, and (3) approve Levi & Korsinsky, LLP as lead counsel. ECF 32. All parties in the Pikal Action have consented to the consolidation. *See* Pikal Action, ECF 21, 27, 30, 31.

**II.     DISCUSSION**

    **A.     Consolidation**

        **1. Legal Standard**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this subchapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77z-1(a)(3)(B)(ii). "As soon as practicable after [the consolidation] decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions[.]" *Id.*

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). District Courts have "broad discretion under [Rule 42(a)] to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (internal quotation marks and citation omitted).

        **2. Analysis**

This case and the Pikal Action, both pending before this Court, present similar factual and legal issues, as they each involve the same subject matter and are based on the same alleged wrongful course of conduct. *Compare* Compl. *with* Pikal Action, ECF 1. Both cases bring claims under the Securities Act of 1933 against Dropbox, the Company's senior executive officers and directors, and venture capital sponsors of the IPO, while the Pikal Action also includes the underwriters of the IPO. Because the both actions arise from the same facts and circumstances (namely, statements

3

made in Dropbox's Registration Statement) and involve the same subject matter and the same class (persons and entities who purchased Dropbox Class A common stock pursuant the Registration Statement), the same discovery and similar class certification issues will be relevant to all related actions. Moreover, all parties in the Pikal Action consent to the consolidation. *See* Pikal Action, ECF 21, 27, 30, 31. Accordingly, consolidation under Rule 42(a) is appropriate.

### 3. Conclusion

The Court CONSOLIDATES this case with the Pikal Action.

### B. Lead Plaintiff

#### 1. Legal Standard

The PSLRA governs the procedure for selection of lead plaintiff in all private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id*. at § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Second, the Court must identify the presumptive lead plaintiff. To do so, the Court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The Court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id*. If the plaintiff with the largest financial interest satisfies these requirements, she (or he) becomes the "presumptively most adequate plaintiff." *Id.; see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [she (or he)] satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732.

**2. Analysis**

a. Procedural Requirements

Pursuant to the PSLRA, Pomerantz LLP published a notice of the pending action on October 4, 2019, the same date the complaint was filed. *See* McCall Decl. Exh. C, ECF 33-3; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i). The Notice announced the pendency of this action, explained the allegations, specified the class definition, and advised putative class members that they had until December 3, 2019 (60 days from the date of the Notice) to file a motion to seek appointment as lead plaintiff in the lawsuit. *Id.* Thus, the notice complied with the PSLRA's requirements. *See* 15 U.S.C. § 78u–4(a)(3)(A).

As noted above, four motions (including Kuraica's) were filed on December 3, 2019, the last day within the 60-day deadline. Kuraica has therefore met the statutory notice requirements.

b. Financial Interest

The Court must next determine whether Kuraica qualifies as the most adequate plaintiff. To make this determination, the Court must first consider Kuraica's financial interest in the relief sought. *See Cavanaugh*, 306 F.3d at 730. Kuraica has submitted a "loss chart" setting forth calculations of his alleged losses, totaling approximately $11,490.30. McCall Decl. Exh. B, ECF 33-2. Because Kuraica's motion is unopposed, Kuraica is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See* Miao's Notice of Non-Opposition, ECF 55[1];

---

[1] Miao asserted in her motion that she "incurred losses of approximately $13,330 in connection with her transactions in Dropbox stock." ECF 28 at 3. However, after reviewing the competing motions, Miao filed a notice of non-opposition stating that "Miao does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA." ECF 55 at 1.

5

Gammiere's Notice of Non-Opposition, ECF 60; Chavez's Notice of Withdrawal, ECF 61; *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *3 (N.D. Cal. May 29, 2013) ("Without access to financial information from other parties, the Court is constrained to conclude that the [proposed plaintiff's] alleged loss best qualifies it to serve as lead plaintiff.") (quoting *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005))

        c. Rule 23 Requirements

Having determined that Kuraica is the prospective lead plaintiff with the greatest financial stake in this litigation, the Court must next consider whether Kuraica satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). Rule 23(a) sets forth four requirements for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a). At the appointment of lead plaintiff stage, courts need only consider typicality and adequacy, as the failure to satisfy numerosity or commonality would preclude certifying a class action at all. *Cavanaugh*, 306 F.3d at 730 n.5.

In determining whether typicality is satisfied, the Court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Here, like all other members of the purported class, Kuraica purchased Dropbox Class A common stock pursuant to the IPO at (allegedly) artificially inflated prices and suffered accompanying losses. *See* Kuraica Motion at 9, ECF 32; *see generally* Compl. Kuraica's claims thus appear to be typical, if not identical, to the claims of other members of the putative class.

The test for adequacy asks whether the lead plaintiff and its counsel "have any conflicts of interest with other class members" and whether the lead plaintiff and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is no indication of conflicts between Kuraica and other class members and Kuraica's diligence in seeking appointment as lead plaintiff suggests that Kuraica and its counsel will prosecute this action vigorously.

For the foregoing reasons, Kuraica has made a *prima facie* showing of typicality and adequacy, as required at this stage, and the Court finds that Kuraica qualifies as the presumptively most adequate plaintiff under the PSLRA.

d. Opportunity to Rebut

Other plaintiffs have been afforded an opportunity to rebut Kuraica's showing that he as the presumptive lead plaintiff satisfies Rule 23's typicality and adequacy requirements, as evidenced by Gammiere and Chavez's opposition and the filing of other competing motions. *See* ECF 59; 56; 28.

### 3. Conclusion

Accordingly, the Court is satisfied that all necessary elements have been met and hereby APPOINTS Kuraica to serve as lead plaintiff.

## C. Lead Counsel

### 1. Legal Standard

Under the PLSRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

### 2. Analysis

No parties have objected to Kuraica's selection of Levi & Korsinsky LLP as lead counsel. The Court has reviewed the firm's resume (McCall Decl. Exh. D, ECF 33-4) and is satisfied that Kuraica has made a reasonable choice of counsel. *See Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 WL 6182753, at *4 (N.D. Cal. Nov. 27, 2018) (noting that Levi & Korsinsky, LLP "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions.").

### 3. Conclusion

The Court APPROVES Kuraica's selection of Levi & Korsinsky LLP as lead counsel.

## III. ORDER

(1) Case No. 19-cv-06348-BLF and Case No. 19-cv-06360-BLF are hereby CONSOLIDATED.

(2) The consolidated action shall proceed under Case No. 19-cv-06348-BLF and the consolidated action shall bear the caption *In re Dropbox Securities Litigation*.

(3) Case No. 19-cv-06360 shall be administratively closed.

(4) Plaintiffs shall file a consolidated class action complaint no later than 45 days from the date of this Order.

(5) Ognjen Kuraica is APPOINTED as lead Plaintiff.

(6) Levi & Korsinsky LLP is APPROVED as lead counsel.

**IT IS SO ORDERED.**

Dated: January 16, 2020

_____
BETH LABSON FREEMAN
United States District Judge