1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Harry A. Olivar, Jr. (Bar No. 143089)
2  harryolivar@quinnemanuel.com
   865 S. Figueroa Street, 10th Floor
3  Los Angeles, California 90017
   Telephone:     (213) 443-3000
4  Facsimile:     (213) 443-3100

5  Linda J. Brewer (Bar No. 217730)
   lindabrewer@quinnemanuel.com
6  Shuang Zhang (Bar No. 324119)
   clairezhang@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111
8  Telephone:     (415) 875-6600
   Facsimile:     (415) 875-6700

9
   *Attorneys for Defendants*
10 *Sequoia Capital XII, L.P., Sequoia Capital XII Principals Fund, LLC,*
   *Sequoia Technology Partners XII, L.P., and SC XII Management, LLC*
11
                       UNITED STATES DISTRICT COURT
12
                       NORTHERN DISTRICT OF CALIFORNIA
13
                              SAN JOSE DIVISION
14

| IN RE DROPBOX, INC. SECURITIES LITIGATION | CASE NO. 5:19-cv-06348-BLF |
|---|---|
| | CLASS ACTION |
| | **SEQUOIA'S REPLY IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |
| | **Hearing:** |
| | Judge:          Hon. Beth L. Freeman |
| | Courtroom:      3, 5th Floor |
| | Hearing Date:   September 24, 2020 |
| | Hearing Time:   9:00 a.m. |

Plaintiffs' Opposition fails to address the cases cited in Sequoia's Motion, which uniformly hold that a defendant's status as a minority shareholder, coupled with the ability to appoint a board member and registration rights, is insufficient to establish control person liability. *See* Motion at 3-4. Under relevant Ninth Circuit case law, Plaintiffs' Section 15 claim should be dismissed. *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1163 (9th Cir. 1996).

Plaintiffs rely on *Pirani v. Slack Techs., Inc.*, No. 19-CV-05857-SI, 2020 WL 1929241, at *18 (N.D. Cal. Apr. 21, 2020), a case that is readily distinguishable. In *Pirani*, the court emphasized the plaintiff was *not* relying on minority shareholder status and the ability to appoint a director, but also alleged that the "VC Defendants 'caused [the company] to effectuate'" an "unusual listing" that enabled them to cash out their shares. *Id.* at *19. Similarly, in *In re Am. Apparel, Inc. S'holder Litig.*, No. CV1006352MMMRCX, 2013 WL 10914316, at *34 (C.D. Cal. Aug. 8, 2013), the control person allegations were sufficient because the complaint alleged the CEO had acknowledged the defendant's influence over the company and the placement of "onerous restrictions" on the company's business. *Id.* There are no such allegations here. The other cases Plaintiffs cite all concern claims against officers, directors, or *majority* shareholders and are thus inapposite. *See Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1048-49 (N.D. Cal. 2016) (former majority shareholder); *Hemmer Grp. v. SouthWest Water Co.*, 527 F. App'x 623, 627 (9th Cir. 2013) (executives who signed registration statements); *In re Amylin Pharm., Inc., Sec. Litig.*, No. 01CV1455BTM(NLS), 2002 WL 31520051, at *10 (S.D. Cal. Oct. 10, 2002) (CEO and co-founder who was a former officer).

Unable to distinguish Sequoia's cases, Plaintiffs attempt to attack the pleading standard Sequoia cited *even though Plaintiffs cite the exact same standard*. *See* Opp. at 22:5-8 (acknowledging Complaint must allege defendant possessed actual power or control over the primary violator). The requirement that Plaintiffs must allege specific facts demonstrating the defendant's "involvement in the day-to-day affairs of the company or specific control over" the alleged statements is well established in the Ninth Circuit. *See, e.g.*, *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1067 n.13 (9th Cir. 2000); *Bao v. Solarcity Corp.*, No. 14-cv-01435, 2016 WL 54133, at *9 (N.D. Cal. Jan. 5, 2016). Here, Plaintiffs' Section 15 claim should be dismissed not only because it does not allege actual exercise of power or control over Dropbox, but also because it fails to allege facts showing Sequoia

ever *possessed* the requisite power or control over Dropbox. And it could not have, given that Sequoia was a minority shareholder, did not have oversight over Dropbox's management, and did not participate in the preparation of Dropbox's financial statements. Motion at 3.

Moreover, although Ninth Circuit law may be unsettled as to whether particularity applies to Section 15 allegations, there is ample authority within this district supporting a particularity requirement. S*ee, e.g.*, *In re Atmel Corp. Derivative Litig.*, No. C 06-4592, 2008 WL 2561957, at *11 (N.D. Cal. June 25, 2008) (applying particularity standard to control person claim); *In re Splash Tech. Holdings, Inc. Secs. Litig.*, No. C 99-00109, 2000 WL 1727405, at *15 (N.D. Cal. Sept. 29, 2000) (same). Regardless, Plaintiffs' control person claim against Sequoia fails under even the liberal Rule 8(a) standard. Plaintiffs' conclusory allegations that Sequoia was "in league with other large shareholders and company insiders" and able to "exercise [] great control and influence over" Dropbox are unsupported by facts, and cannot support a Section 15 claim under any standard. Com. ¶ 23; *see Al-Thani v. Wells Fargo & Co.*, No. 08-cv-1745, 2009 WL 55442, at *9 (N.D. Cal. Jan. 7, 2009) (dismissing control person claims based on "bare legal conclusions . . . devoid of any factual underpinnings"); *Telesaurus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010) (noting that district court may properly disregard "threadbare recitals of the elements of a cause of action" that are only supported by conclusory statements).

Plaintiffs' reliance on *Welgus v. TriNet Grp., Inc.*, No. 15-CV-03625-BLF, 2017 WL 6466264, at *29 (N.D. Cal. Dec. 18, 2017) is also misplaced. Notably, the dicta in *Welgus* addressed allegations against a *majority* shareholder that company filings conceded was "able to determine substantially all matters requiring stockholder approval, including . . . approval of significant corporate transactions," not a *minority* shareholder like Sequoia with no such rights. *Id.* (defendant owned 72% of shares as of the IPO).

Finally, as set forth in the Dropbox Defendants' Motion to Dismiss, Plaintiffs have not adequately alleged an underlying securities law violation, which is another reason why their Section 15 claim against Sequoia fails. *See In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012).

Sequoia respectfully requests that the Section 15 claim against it be dismissed.

1
2  DATED: August 17, 2020                QUINN EMANUEL URQUHART & SULLIVAN, LLP
3
4
                                          By  /s/ Harry A. Olivar, Jr.
5                                              Harry A. Olivar, Jr.
                                               *Attorneys for Defendants Sequoia Capital XII,*
6                                              *L.P., Sequoia Capital XII Principals Fund, LLC,*
                                               *Sequoia Technology Partners XII, L.P., and SC XII*
7                                              *Management, LLC*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2020, a copy of the foregoing motion, entitled SEQUOIA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT was filed with the Court using the Court's ECF system, which sent notice to all counsel of record.

DATED: August 17, 2020          By  /s/ Shuang Zhang
                                    Shuang Zhang

## ATTESTATION

I, Shuang Zhang, am the ECF user whose ID and password are being used to file this SEQUOIA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Harry A. Olivar, Jr. has concurred in this filing.

Dated:  August 17, 2020

/s/ *Shuang Zhang*
Shuang Zhang