# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re DROPBOX, INC. SECURITIES LITIGATION

Case No. 5:19-cv-06348-BLF

Honorable Beth Labson Freeman

**DECLARATION OF SARAH EVANS CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1.    I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over seven years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over four hundred and fifty (450) class action cases since its inception. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein.

## MAILING OF POSTCARD NOTICE

2.    Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated August 3, 2021 (the "Preliminary Approval Order"), the Court approved the

1

retention of SCS as Claims Administrator to supervise and administer the notice procedure, as well as the processing of Claims in connection with the proposed Settlement[1].

3. To provide actual notice to those persons that purchased or otherwise acquired the common stock of Dropbox, Inc. ("Dropbox") pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 initial public offering (the "Settlement Class"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. A true and correct copy of the Postcard Notice is attached hereto as **Exhibit A**.

4. First, SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 3,331 individuals and organizations identified in the transfer records which were provided to SCS by Lead Counsel. These records reflect persons and entities that purchased Dropbox common stock for their own account, or for the account(s) of their clients, during the Settlement Class. The transfer record mailing was completed on August 31, 2021.

5. As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master list consisting of 703 banks and brokerage companies ("Nominee Account Holders"), as well as 596 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On August 27, 2021, SCS caused a letter to be mailed or e-mailed to the 1,299 nominees contained in the SCS master mailing list. The letter notified them

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation and Agreement of Settlement, dated as of May 14, 2021 (the "Stipulation").

2

of the Settlement and requested that they, within 7 calendar days from the date of the letter, either send a Postcard Notice to their customers who may be beneficial purchasers/owners; email a link to the location of the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Long Notice") and the Proof of Claim and Release Form ("Claim Form", and together with the Notice, "Long Notice and Claim Form"); or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial owners so that SCS could promptly mail the Postcard Notice directly to them or email them links to the Long Notice and Claim Form.  A copy of the letter sent to these nominees is attached hereto as **Exhibit B.**

6.      Following this mailing, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers.  To date, SCS has mailed 149,712 Postcard Notices[2].  Additionally, SCS was notified by one of the nominees that it emailed 73,076 of its customers to notify them of this settlement and provide direct links to the Long Notice and Claim Form on the Settlement webpage.

7.      SCS also sent the Depository Trust Company ("DTC") a Notice Packet for the DTC to publish on its Legal Notice System ("LENS") on August 27, 2021. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

---

[2] Out of the 149,712 Postcard Notices mailed, SCS received 135 requests from potential Settlement Class Members to mail them the Long Notice and Claim Form.

Declaration of Sarah Evans [No. 5:19-cv-06348-BLF]

8. Out of the 149,712 Postcard Notices mailed, 3,188 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 253, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 2,935 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 2,015 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

9. In accordance with the Preliminary Approval Order, the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Summary Notice") was published electronically on September 15, 2021, on the *GlobeNewswire*, as shown in the confirmation of publication attached hereto as **Exhibit C.**

## TOLL-FREE PHONE LINE

10. SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and/or request a Long Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## WEBSITE

11. On August 24, 2021, SCS established a webpage on its website at www.strategicclaims.net/Dropbox. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status; the case deadlines; and important documents, including the Long Notice and Claim Form, the Preliminary Approval Order, and the Stipulation and exhibits. A copy of the Notice Packet is attached as **Exhibit D**.

Declaration of Sarah Evans [No. 5:19-cv-06348-BLF]

## REPORT ON EXCLUSIONS AND OBJECTIONS

12.     The Postcard Notice, Long Notice, Summary Notice, and the Settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than November 12, 2021.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received three requests for exclusion.  Copies of the requests for exclusion are attached as **Exhibit E**.

13.     According to the Long Notice, Settlement Class Members seeking to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses must file their objections with the Court no later than November 12, 2021.  As of the date of this Declaration, SCS has neither received nor been notified of the filing of any objections.

## REPORT ON VALID CLAIMS

14.     The Postcard Notice. Long Notice, Summary Notice, and Settlement webpage informed potential Settlement Class Members that the deadline to submit a claim is December 29, 2021. As of the date of this Declaration, SCS has received 1,433 claims. Of those, the number of valid claims currently is 917. The number of valid claims will change as SCS continues is review of claims, deficient claims are cured, and the receipt of additional claims.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 28th day of October 2021, in Media, Pennsylvania.

_____
Sarah Evans

Declaration of Sarah Evans [No. 5:19-cv-06348-BLF]

In re Dropbox, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Dropbox, Inc. Securities Litigation*
Case No. 5:19-CV-06348

Name
Address
City, State
Zip

**IF YOU ARE A DROPBOX, INC. INVESTOR YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.**
**PLEASE VISIT WWW.STRATEGICCLAIMS.NET/DROPBOX FOR MORE INFORMATION.**

There has been a proposed Settlement of claims against Dropbox, Inc. ("Dropbox") Andrew W. Houston, Ajay V. Vashee, Timothy J. Regan, Arash Ferdowsi, Robert J. Mylod, Jr., Donald W. Blair, Paul E. Jacobs, Condoleezza Rice, R. Bryan Schreier, and Margaret C. Whitman, the underwriter defendants, and the Sequoia defendants (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about Dropbox in the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 initial public offering ("IPO") in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Dropbox common stock pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 IPO.

Dropbox has agreed to pay a Settlement Amount of $1,375,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.strategicclaims net/Dropbox.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Dropbox common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.04 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.strategicclaims net/Dropbox or will be mailed to you upon request to the Claims Administrator (866-274-4004). **Claim Forms must be submitted online or postmarked by <u>December 29, 2021</u>**. If you do not want to be legally bound by the Settlement, you must exclude yourself by November 12, 2021, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by November 12, 2021. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on December 2, 2021, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $40,000 for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866-274-4004) or visit the website www.strategicclaims.net/Dropbox and read the detailed Notice.

**EXHIBIT B**

<u>UPDATED NOTICE - REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

August 27, 2021

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED DROPBOX, INC. ("DROPBOX" OR THE "COMPANY") COMMON STOCK PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS ISSUED IN CONNECTION WITH DROPBOX'S MARCH 22, 2018 INITIAL PUBLIC OFFERING (THE "IPO").

FOR THE PURPOSES OF ADMINISTERING THE SETTLEMENT, DROPBOX SHARES TRACEABLE TO THE IPO ARE THOSE WHICH WERE PURCHASED BETWEEN MARCH 22, 2018 AND AUGUST 23, 2018, BOTH DATES INCLUSIVE, AND HELD THROUGH NOVEMBER 9, 2018.

Excluded from the Settlement Class are Defendants and their respective successors and assigns, part and current executive officers and directors of Dropbox, the Sequoia Defendants, and the Underwriter Defendants; members of the Immediate Families of the Individual Defendants; the legal representatives, heirs, successors or assigns of the Individual Defendants; any entity in which any of the above excluded persons have or had a majority interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *In re Dropbox, Inc. Securities Litigation*<br>Case No. 5:19-cv-06348-BLF<br>Objection Deadline: November 12, 2021<br>Exclusion Deadline: November 12, 2021<br>Settlement Hearing: December 2, 2021<br>Claim Filing Deadline: December 29, 2021 | Cusip Number: 26210C104 |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the link to the Notice and Claim Form or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have seven (7) calendar days to mail them; or
4. Request a link to the Notice and Proof of Claim and Release Form in electronic format and advise us that you will be emailing to your beneficial purchasers/owners within seven (7) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed:**
- **$0.03 per email if you email the Notice** OR
- **$0.04 per name and address or email address** if you are providing us the records OR
- **$0.04 per name and address, including materials, plus postage at the current postcard rate used by the Claims Administrator if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/Dropbox. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
In re Dropbox, Inc. Securities Litigation

Case 5:19-cv-06348-BLF   Document 125-1   Filed 10/28/21   Page 9 of 40

**EXHIBIT C**

 **Gmail**            **Sarah Evans <sevans@strategicclaims.net>**

## GlobeNewswire Release Distribution Confirmation: Levi & Korsinsky, LLP

1 message

**donotreply@globenewswire.com** <donotreply@globenewswire.com>        Wed, Sep 15, 2021 at 8:02 AM
To: sevans@strategicclaims.net
Cc: sevans@strategicclaims.net, fknowles@strategicclaims.net, jbravata@strategicclaims.net



# Release Distribution Confirmation

## Levi & Korsinsky, LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Common Stock of Dropbox, Inc. – DBX

**Cross time: 09/15/21 08:00 AM ET: Eastern Time -** **View release on GlobeNewswire.com**

**This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.**

**If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930**

---

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re DROPBOX, INC. SECURITIES LITIGATION | Case No. 5:19-cv-06348-BLF<br><br>Honorable Beth Labson Freeman |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court") if you purchased or otherwise acquired Dropbox, Inc. ("Dropbox" or the "Company") common stock pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 initial public offering (the "IPO").

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiff Ognjen Kuraica and plaintiff Rick Gammiere ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for $1,375,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Dropbox, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 75 below).**

1.     **Description of the Action and the Settlement Class:**     This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Dropbox, Andrew W. Houston, Ajay V. Vashee, Timothy J. Regan, Arash Ferdowsi, Robert J. Mylod, Jr., Donald W. Blair, Paul E. Jacobs, Condoleezza Rice, R. Bryan Schreier, and Margaret C. Whitman (collectively, the "Individual Defendants," and, together with Dropbox, the "Dropbox Defendants"), defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Allen & Company LLC, BofA Securities, Inc., RBC Capital Markets, LLC, Jefferies LLC, Macquarie Capital (USA) Inc., Canaccord Genuity LLC, JMP Securities LLC, KeyBanc Capital Markets Inc., and Piper Sandler & Co. (collectively, the "Underwriter Defendants"), and defendants Sequoia Capital XII L.P., Sequoia Capital XII Principals Fund, LLC, Sequoia Technology Partners XII, L.P., and SC XII Management, LLC (collectively, the "Sequoia Defendants") (Dropbox, the Individual Defendants, the Underwriter Defendants and the Sequoia Defendants are collectively referred to as the "Defendants") violated the federal securities laws by making false and misleading statements in the Registration Statement and Prospectus issued in connection with Dropbox's IPO. A more detailed description of the

Action is set forth in paragraphs 11-20 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 21 below.

2.    **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $1,375,000 in cash (the "Settlement Amount") to be deposited by Dropbox into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes[1], (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 10-11 below.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Plaintiffs' damages expert's estimates of the number of shares of Dropbox common stock purchased or otherwise acquired during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.04.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares they purchased or otherwise acquired, when and at what prices they purchased/acquired or sold their Dropbox common stock, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 10-11 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action.  Among other things, Defendants deny that they violated the federal securities laws and that any damages were suffered by any members of the Settlement Class.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2019, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Levi & Korsinsky, LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $40,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share of Dropbox common stock, if the Court approves Lead Counsel's fee and expense application, is $0.009 per eligible share.

6.    **Identification of Attorneys' Representatives:**  Plaintiffs and the Settlement Class are represented by Nicholas Porritt, Esq. of Levi & Korsinsky, LLP, 1101 30th Street, Suite 115, Washington, DC 20007, (202) 524-4290, nporritt@zlk.com.

7.    **Reasons for the Settlement:**  Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement, dated May 14, 2021 (the "Stipulation").

achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN DECEMBER 29, 2021.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 30 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 12, 2021.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 12, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON DECEMBER 2, 2021 AT 9:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 12, 2021.** | Filing a written objection and notice of intention to appear by November 12, 2021 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get The Postcard Notice? ..............................................................................Page 4

What Is This Case About? ............................................................................................Page 4

How Do I Know If I Am Affected By The Settlement?  Who Is Included
    In The Settlement Class? ........................................................................................Page 6

What Are Plaintiffs' Reasons For The Settlement?.......................................................Page 6

What Might Happen If There Were No Settlement? ......................................................Page 7

How Are Settlement Class Members Affected By The Action And
    The Settlement? .......................................................................................................Page 7

How Do I Participate In The Settlement?  What Do I Need To Do?...............................Page 8

How Much Will My Payment Be?................................................................................. Page 9

What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? ...........................................................................Page 12

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? ....................................................................................Page 12

When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?....................................................................................Page 12

What If I Bought Shares On Someone Else's Behalf? ................................................Page 13

Can I See The Court File?  Whom Should I Contact If I Have Questions? ..................Page 14

| WHY DID I GET THE POSTCARD NOTICE? |
|---|

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Dropbox common stock during the relevant period.  The Court also directed that this Notice be posted online at www.strategicclaims.net/Dropbox and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 66 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    Dropbox is a file hosting service that offers cloud storage, file synchronization, and client software.

12. Two class action complaints were filed in the Court, which by Order dated January 16, 2020, were consolidated and recaptioned as *In re Dropbox, Inc. Securities. Litigation*, Case No. 5:19-cv-06348-BLF, and Lead Plaintiff Ognjen Kuraica and Lead Counsel were approved and appointed by the Court.

13. On March 2, 2020, Plaintiffs and additional named plaintiff Luis Chavez filed and served a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "First Amended Complaint" or "FAC") asserting claims under Section 11 of the Securities Act of 1933 (the "Securities Act") against Dropbox, the Individual Defendants, and the Underwriter Defendants and under Section 15 of the Securities Act against the Individual Defendants and the Sequoia Defendants. Among other things, the FAC alleged that Dropbox's IPO registration statement and prospectus (the "Registration Statement") contained material misrepresentations and omissions.

14. On April 8, 2020, additional named plaintiff Luis Chavez moved to voluntarily dismiss his claims without prejudice, which the Court granted on the following day.

15. On April 16, 2020, the Dropbox Defendants filed and served a motion to dismiss the FAC, which both the Underwriter and Sequoia Defendants joined. That same day, the Sequoia Defendants also filed and served a memorandum of points and authorities in support of dismissal of Count II of the FAC on the grounds that Plaintiffs did not adequately allege a violation of Section 15 of the Securities Act as to the Sequoia Defendants. On July 13, 2020, Plaintiffs served their papers in opposition and, on August 17, 2020, the various defendants served their reply papers. On September 8, 2020, Dropbox Defendants filed and served a notice of recent authority in support of their motion to dismiss.

16. On September 24, 2020, the Court heard oral argument on Defendants' motions to dismiss. On October 21, 2020, the Court entered an Order granting Defendants' motions to dismiss with leave to amend, which was then corrected on October 28, 2020.

17. On February 11, 2021, Lead Counsel and counsel for the Dropbox Defendants participated in a full-day mediation session before Judge Gary A. Feess (Ret.) of Philips ADR, a highly experienced, neutral mediator. In advance of that session, Plaintiffs and the Dropbox Defendants each submitted and exchanged detailed mediation statements and reply statements outlining their respective analyses of the claims and defenses in this case. The session culminated in the Parties reaching an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet") executed on February 11, 2021. The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by Dropbox of $1,375,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

18. Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

19. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 31 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

20. On August 3, 2021, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

5

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

21. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons who purchased or otherwise acquired Dropbox common stock pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Dropbox's IPO on March 22, 2018.

Excluded from the Settlement Class are Defendants and their respective successors and assigns; part and current executive officers and directors of Dropbox, the Sequoia Defendants, and the Underwriter Defendants; members of the Immediate Families of the Individual Defendants; the legal representatives, heirs, successors or assigns of the Individual Defendants; any entity in which any of the above excluded persons have or had a majority interest; and any person who validly requests exclusion from the Settlement Class. The foregoing exclusion shall not cover Investment Vehicles. [2] Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 12 below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.strategicclaims.net/Dropbox or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, online or postmarked no later than <u>December 29</u>, 2021.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

22. Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. The Court's decision to grant Defendants' motion to dismiss provided Plaintiffs an opportunity to amend their complaint but there was no guarantee that Plaintiffs would proceed past the pleading stage of the litigation. If Plaintiffs were successful in moving past the pleading stage, they would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

23. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $1,375,000 in cash (less the

---

[2] "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, and hedge funds, in which any Underwriter Defendant or Sequoia Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or Sequoia Defendant or any of its affiliates may act as an investment advisor, general partner, managing member, or in other similar capacity, other than an investment vehicle of which the Underwriter Defendant or Sequoia Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such defendant's or affiliate's ownership or interest.

various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

24.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

26.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 12 below.

27.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 12 below.

28.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 12 below.

29.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

30.    "Released Plaintiffs' Claims" means any and all claims, including Unknown Claims, arising out of, relating indirectly or directly to, or in connection with either: (i) the facts, events, transactions, acts, occurrences, statements, representations, misrepresentations or omissions which were or could have been alleged in this litigation, or (ii) the purchase, sale, acquisition, disposition, or holding of Dropbox securities purchased or otherwise acquired pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 initial public offering. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

31.    "Defendants' Releasees" means Defendants and each of a Defendant's past, present and future parents, subsidiaries and affiliates, and their respective directors, officers, employees, partners, members

7

principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a majority interest, any member of an Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

32.    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including the decision to object to the terms of the settlement or to exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would havematerially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

34.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.  Released Defendants' Claims also do not include any claims arising out of the contractual rights, if any, under the terms of any written agreement among any of the Defendants.

35.    "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, and any other Settlement Class Member, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

36.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **online or postmarked no later than December 29, 2021**.  A Claim Form is available on

8

the website maintained by the Claims Administrator for the Settlement, www.strategicclaims.net/Dropbox, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004. Please retain all records of your ownership of and transactions in Dropbox common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38. Pursuant to the Settlement, Dropbox has agreed to pay or caused to be paid one million three hundred seventy-five thousand dollars ($1,375,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

40. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

41. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online or postmarked on or before December 29, 2021 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 30 above) against the Defendants' Releasees (as defined in ¶ 31 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

43. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Dropbox common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Dropbox common stock during pursuant and/or traceable to the Registration Statement issued in connection with Dropbox's IPO may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

44. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

46.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Dropbox common stock pursuant and/or traceable to the Registration Statement issued in connection with Dropbox's March 22, 2018 initial public offering will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

47.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48.    The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis.  Recognized Loss Amounts are based primarily on the price declines observed over the period which Plaintiffs allege corrective information was entering the market place.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts in Dropbox's Registration Statement issued in connection with Dropbox's March 22, 2018 initial public offering, which had the effect of artificially inflating the price of Dropbox common stock.  Accordingly, only those shares purchased and/or traceable to the initial public offering will be deemed damaged and entitled to compensation. Shares purchased after the initial public offering and/or after certain trading restrictions expired on August 23, 2018 will not be traceable to the initial public offering and therefore will not be eligible for compensation.

49.    The following provides the per-share amount of each Authorized Claimant's Recognized Loss. The per share Recognized Loss is based upon the average amount of potential damages per share:

- If you purchased shares of Dropbox common stock between March 22, 2018 and August 23, 2018, and held your shares through November 9, 2018, then your Recognized Loss is $1.21 per share held;

- If you purchased shares of Dropbox common stock between March 22, 2018 and August 23, 2018, and sold prior to November 9, 2018, then your Recognized Loss is $0.00 per share; and

- If you purchased shares of Dropbox common stock after August 23, 2018, then your Recognized Loss is $0.00 per share.

## ADDITIONAL PROVISIONS

50.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 53 below) is $10.00 or greater.

51.    If a Settlement Class Member has more than one purchase/acquisition or sale of Dropbox common stock, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis.  Sales during the relevant period will be matched first against any holdings at the time of the initial public offering, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the relevant time period.

52.    A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all shares of Dropbox common stock.

53.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated

10

for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

54.    Purchases or acquisitions and sales of Dropbox common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Dropbox common stock during the relevant time period shall not be deemed a purchase, acquisition or sale of Dropbox common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any shares of Dropbox common stock unless (i) the donor or decedent purchased or otherwise acquired such Dropbox common stock during the relevant time period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Dropbox common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

55.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the shares of Dropbox common stock. The date of a "short sale" is deemed to be the date of sale of the shares of Dropbox common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in a Dropbox common stock, the earliest purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

56.    Claimants shall be bound by the Settlement even if they do not have a Recognized Loss, unless such Claimant opts out of the Settlement.

57.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust, a non-sectarian, not-for-profit organization subject to Court approval.

58.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

59.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.strategicclaims.net/Dropbox.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

60.   Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $40,000 which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

61.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Dropbox, Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063.  The exclusion request must be *received* no later than November 12, 2021.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Dropbox, Inc. Securities Litigation*, Case No. 5:19-CV-06348"; (c) state the number of shares of Dropbox common stock that the person or entity requesting exclusion purchased/acquired pursuant and/or traceable to the Registration Statement issued in connection with Dropbox's March 22, 2018 initial public offering; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

62.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

63.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

64.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

65.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

66.   The Settlement Hearing will be held on December 2, 2021 at 9:00 a.m., before the Honorable Beth Labson Freeman at the United States District Court for the Northern District of California, United States Courthouse, Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, California, 95113.  The Court reserves

the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

67.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.   Objections must be in writing.   You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of California at 280 South 1st Street, San Jose, California 95113, on or before November 12, 2021.

68.   Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Dropbox common stock that the objecting Settlement Class Member purchased/acquired pursuant and/or traceable to the Registration Statement issued in connection with Dropbox's March 22, 2018 initial public offering.   You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

69.   You may file a written objection without having to appear at the Settlement Hearing.   You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office.   Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.   Such persons may be heard orally at the discretion of the Court.

71.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.   However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court.

72.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.   If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

73.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

74.   If you purchased or otherwise acquired any shares of Dropbox common stock pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 initial public offering, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator an electronic link to the Notice and Claim Form and within seven (7) calendar days of receipt of the link

13

to the Notice and Claim Form, forward the link to all such beneficial owners for whom you have valid email addresses; or (c) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names, addresses, and email addresses of all such beneficial owners to *In re Dropbox, Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.04 per Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; $0.03 per link to the Notice and Claim Form emailed; or $0.04 per name, address, and email address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.strategicclaims.net/Dropbox, or by calling the Claims Administrator toll-free at 1-866-274-4004.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

75. This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.strategicclaims.net/Dropbox, by contacting class counsel at (202) 524-4290, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

*In re Dropbox, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205      and/or
Media, PA 19063
866-274-4004
www.strategicclaims.net/Dropbox

Nicholas Porritt, Esq.
LEVI & KORSINSKY, LLP
1101 30th Street, Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Email: nporritt@zlk.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: August 3, 2021

By Order of the Court
United States District Court
Northern District of California

14

**Dropbox Inc. Securities Litigation**
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson St., Suite 205**
**Media, PA 19063**
**Toll-Free Number: (866) 274-4004**
**Email: info@strategicclaims.net**
**Settlement Website: www.strategicclaims.net/Dropbox/**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than December 29, 2021 or submit it online at www.strategicclaims.net/Dropbox/ by December 29, 2021**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **16** |
| **PART II – GENERAL INSTRUCTIONS** | **17** |
| **PART III – SCHEDULE OF TRANSACTIONS IN DROPBOX COMMON STOCK** | **19** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **20** |

15

DROPBOX

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:                          Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[3]

Daytime Telephone Number:                    Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[3] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

16

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page 6 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Dropbox Inc. ("Dropbox") common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Dropbox common stock, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      Please note:  Only Dropbox common stock purchased or otherwise acquired pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 initial public offering (the "IPO") is eligible under the Settlement.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Dropbox common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Plaintiffs, Dropbox, and the Claims Administrator do not independently have information about your investments in Dropbox common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.  If you purchased Dropbox common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired Dropbox common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.

17

DROPBOX

The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a)      expressly state the capacity in which they are acting;

   (b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Dropbox common stock; and

   (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.      By submitting a signed Claim Form, you will be swearing that you:

   (a)      own(ed) the Dropbox common stock you have listed in the Claim Form; or

   (b)      are expressly authorized to act on behalf of the owner thereof.

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.      **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.      If you have questions concerning the Claim Form or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, SCS, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you can visit the Settlement website, www.strategicclaims.net/Dropbox/, where copies of the Claim Form and Notice are available for downloading.

15.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.strategicclaims.net/Dropbox/ or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.**

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

DROPBOX

## PART III – SCHEDULE OF TRANSACTIONS IN DROPBOX COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than Dropbox common stock.

**1. PURCHASES/ACQUISITIONS FROM MARCH 22, 2018 THROUGH AUGUST 23, 2018** – Separately list each and every purchase/acquisition (including free receipts) of Dropbox common stock pursuant or traceable to Dropbox's initial public offering on March 22, 2018.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**2. PURCHASES/ACQUISITIONS FROM AUGUST 24, 2018 THROUGH NOVEMBER 9, 2018** – State the total number of shares of Dropbox common stock purchased/acquired (including free receipts) from after the opening of trading on August 24, 2018 through and including the close of trading on November 9, 2018.  If none, write "zero" or "0."[4] _____

**3. SALES FROM MARCH 22, 2018 THROUGH NOVEMBER 9, 2018** – Separately list each and every sale/disposition (including free deliveries) of Dropbox common stock from after the opening of trading on March 22, 2018 through and including the close of trading on November 9, 2018. (Must be documented.)

**IF NONE, CHECK HERE**  ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**4. HOLDINGS AS OF NOVEMBER 9, 2018 –** State the total number of shares of Dropbox common stock held as of the close of trading on November 9, 2018.  (Must be documented.)  If none, write "zero" or "0." _____

Confirm Proof of Position Enclosed  ○

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

---

[4] **Please note**:  Information requested with respect to your purchases/acquisitions of Dropbox common stock from after the opening of trading on August 24, 2018 through and including the close of trading on November 9, 2018 is needed in order to balance your claim; purchases/acquisitions during this period, however, are **not eligible** under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

19

DROPBOX

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 21 OF THIS CLAIM FORM.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) Immediate Family members, heirs, trusts, trustees, members, partners, shareholders, estates, beneficiaries, agents, affiliates, insurers and reinsurers, corporate parents and subsidiaries, executors, administrators, predecessors, successors, assigns, and assignees, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s), agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Dropbox common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Dropbox common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.      that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is (they are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is (they are) no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is (they are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

20

DROPBOX

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                          Date


_____

Print your name here


_____

Signature of joint claimant, if any                                                      Date


_____

Print your name here


*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                          Date


_____

Print your name here


_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page 18 of this Claim Form.)

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN DECEMBER 29, 2021**, ADDRESSED AS FOLLOWS:

Dropbox, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Toll-free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

**OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/DROPBOX/ BY DECEMBER 29, 2021.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before December 29, 2021 is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

21

In re Dropbox, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St, Suite 205
Media, PA 19063

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**

**<u>REMINDER CHECKLIST:</u>**

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.
2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.
3.  Please do not highlight any portion of the Claim Form or any supporting documents.
4.  Keep copies of the completed Claim Form and documentation for your own records.
5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgment postcard.  **If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866)274-4004.**
6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.
7.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you may visit www.strategicclaims.net/Dropbox/.  Please DO NOT call Dropbox or any of the other Defendants or their counsel with questions regarding your claim.

## Request for Exclusion from the Settlement Class

(a) state the name, address and telephone number of the person or entity requesting exclusion

Name: Marla Christine Potterveld

Address: █████████████████████

Phone: ████████████

(b) requests exclusion from the Settlement Class in In re Dropbox, Inc. Securities Litigation, Case No. 5:19-CV-06348

(c) 14,409

(d) be signed by the person or entity requesting exclusion or an authorized representative

████████████████████████

USA FIRST-CLASS FOREVER

5 OCT 2021   PM 3

In re Dropbox, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St
Suite 205
Media, PA 19063

OCT 08 2021

19063-256455

I, Martin Markov

Would like to exclude myself
from this case. N 5:19- CV-06348
Number of shares 20   purchased 08/09/2018
                                                09/04/2018
Martin Markov

SIGN: ████████████

Date: 10/18/21

***COURT-
ORDERED
LEGAL
NOTICE***

**Important Notice
about a Securities
Class Action
Settlement.**

**You may be entitled
to a CASH payment.
This Notice may
affect your legal
rights. Please read it
carefully.**

*In re Dropbox, Inc.
Securities Litigation*
Case No. 5:19-
CV-06348

IN RE DROPBOX, INC. SECURITIES
LITIGATION
C/O STRATEGIC CLAIMS SERVICES
P.O. BOX 230
600 N. JACKSON ST., SUITE 205
MEDIA, PA 19063
2#

00009978

PRESORTED FIRST CLASS
U.S. POSTAGE PAID

JOB# N63325-010

08

\*\*\*\*\*\*\*\*\*\*AUTO\*\*MIXED AADC 117

08

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/DROPBOX FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Dropbox, Inc. ("Dropbox") Andrew W. Houston, Ajay V. Vashee, Timothy J. Regan, Arash Ferdowsi, Robert J. Mylod, Jr., Donald W. Blair, Paul E. Jacobs, Condoleezza Rice, R. Bryan Schreier, and Margaret C. Whitman, the underwriter defendants, and the Sequoia defendants (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about Dropbox in the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 initial public offering ("IPO") in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Dropbox common stock pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Dropbox's March 22, 2018 IPO.

Dropbox has agreed to pay a Settlement Amount of $1,375,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.strategicclaims.net/Dropbox.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Dropbox common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.04 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form.** The Claim Form can be found on the website www.strategicclaims.net/Dropbox or will be mailed to you upon request to the Claims Administrator (866-274-4004). **Claim Forms must be submitted online or postmarked by December 29, 2021.** If you do not want to be legally bound by the Settlement, you must exclude yourself by November 12, 2021, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by November 12, 2021. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on December 2, 2021, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $40,000 for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866-274-4004) or visit the website www.strategicclaims.net/Dropbox and read the detailed Notice.





18 OCT 2021 PM 2 L

To: In re Dropbox, Security Litigation
Strategic Claims Services
P.O. Box 230
600 N. Jackson St. Suite 205
Media, PA 19063

OCT 21 2021

FROM: MARTIN MARKOV

October 20, 2021


In re Dropbox, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N Jackson Street, Suite 205
Media, PA 19063


Dear Ladies and Gentlemen,


This letter is formal notice to request exclusion from the Settlement Class in *In re Dropbox, Inc. Securities Litigation*, Case No. 5:19-CV-06348 for:

**Steven Bahlmann**

▮▮▮▮▮▮▮▮▮▮▮▮

Number of shares of Dropbox common stock requesting exclusion that were purchased by Steven Bahlmann pursuant and traceable to the Registration Statement issued in connection with Dropbox's March 22, 2018 initial public offering:

**350 Shares of Dropbox common stock purchased March 26, 2018 by Steven Bahlmann**


Best regards,



Steven Bahlmann

▮▮▮▮▮▮

**COURT-ORDERED LEGAL NOTICE**

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re Dropbox, Inc. Securities Litigation* Case No. 5:19-CV-06348

IN RE DROPBOX, INC. SECURITIES LITIGATION
C/O STRATEGIC CLAIMS SERVICES
P.O. BOX 230
600 N. JACKSON ST., SUITE 205
MEDIA, PA 19063
1#

00007138

PRESORTED FIRST CLASS
U.S. POSTAGE PAID

JOB# N62895-010

08

**AUTO**MIXED AADC 117

Steven Bahlmann

CERTIFIED MAIL

10.25.21

In re Dropbox, Inc. Securities Litigation
C/o Strategic Claims Services
P.O. Box 230
600 N Jackson Street, Suite 205
Media, PA 19063

U.S. POSTAGE PAID
FCM LETTER

OCT 21 21
AMOUNT
$3.75

R2304H107942-99