**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: 415-373-1671
Facsimile: 212-363-7171
Email: aapton@zlk.com

*Lead Counsel for Lead Plaintiff Ognjen Kuraica and the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DROPBOX, INC. SECURITIES LITIGATION | Case No.: 5:19-cv-06348-BLF |
| | **REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |
| This Document Relates To: All Actions | Hearing Date: December 2, 2021 Time: 9:00 a.m. Location: Courtroom 3 – 5th Floor Judge: Honorable Beth Labson Freeman |

REPLY MEMORANDUM; Case No. 5:19-cv-06348-BLF

Lead Plaintiff Ognjen Kuraica and Named Plaintiff Rick Gammiere ("Plaintiffs") and Lead Counsel respectfully submit this memorandum in further support of Plaintiffs' Amended Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 127, the "Final Approval Motion") and Lead Counsel's Amended Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 128, the "Fee and Expense Motion"). Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated May 14, 2021 (ECF No. 115-2) (the "Stipulation").

This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including that there have been only minimal requests for exclusion from the Settlement and no objections to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses.

## I. THE SETTLEMENT CLASS'S REACTION WAS UNIVERSALLY POSITIVE AND SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION, AS WELL AS THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A. The Court-Approved Notice Program

Pursuant to the Court's August 3, 2021 Preliminary Approval Order, 149,712 copies of the Postcard Notice were disseminated to potential Settlement Class Members and their nominees. *See* Supplemental Declaration of Sarah Evans Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusion; and (C) Report on Objections ("Supp. Evans Decl."), ¶3. The Postcard Notice directed potential Settlement Class Members to downloadable versions of the Notice and Claim Form posted online at www.strategicclaims.net/Dropbox (the "Settlement Website"). The Notice advised Settlement Class Members of the Settlement, the Plan of Allocation, and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See* Declaration of Sarah Evans Concerning: (A) Mailing of Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Evans Decl.") (ECF No. 129-1), Exhibit D. The Notice, Summary Notice, and Postcard Notice further advised Settlement Class Members that November 12, 2021 was the deadline for: (1) requesting exclusion from the Settlement Class; and (2) filing an objection to the Settlement, Plan of Allocation, and/or

REPLY MEMORANDUM; Case No. 5:19-cv-06348-BLF

the request for an award of attorneys' fees and reimbursement of Litigation Expenses. Evans Decl., Exhibits A C, and B. The Summary Notice was disseminated on September 15, 2021 on *GlobeNewswire*. Supp. Evans Decl., ¶6.

On November 4, 2021, Plaintiffs filed the Final Approval Motion and Lead Counsel filed the Fee and Expense Motion.[1] The motions were supported by the declarations Lead Counsel, additional Plaintiffs' Counsel, and the Claims Administrator. These papers are available on the Court's public docket and were posted on the Settlement Website. *See* ECF Nos. 127-129; Supp. Evans Decl., ¶8. Following this extensive notice program, only six potential Settlement Class Members requested exclusion from the Settlement Class, two of which were untimely. As these two requests for exclusion are otherwise eligible for exclusion, Plaintiffs' counsel respectfully requests they be accepted by the Court, as reflected in the attached revised proposed final order. There has been no objection to the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses. See Suppl. Evans Decl. at ¶¶9, 10.

**B.    The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Application**

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate. *See, e.g., Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998);[2] *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998) (same). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Ching v. Siemens Indus., Inc*., 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

---

[1] These motions were originally filed on October 28, 2021, but refiled pursuant to the Court's November 3, 2021 Order (ECF No. 126).

[2] Unless otherwise noted, all internal quotations and citations are omitted.

Here, the lack of a single objection to the Settlement and minimal requests for exclusion from the Settlement demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate. *See, e.g., In re Apollo Grp. Inc. Sec. Litig*., 2012 WL 1378677, at \*3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re Omnivision Techs., Inc*., 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In re Heritage Bond Litig*., 2005 WL 1594403, at \*10 (C.D. Cal. June 10, 2005) ("The Court finds the lack of class members that have manifested any disapproval of the Settlement further demonstrates the fairness, adequacy and reasonableness of the Settlement."); *see also Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at \*14 (N.D. Cal. Feb. 11, 2016) ("Thus, the small number of exclusions representing a very small portion of the total shares at issue further supports settlement.").

The Settlement Class's favorable reaction also supports approval of the Plan of Allocation. S*ee Mauss v. NuVasive, Inc*., 2018 WL 6421623, at \*4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig*., 2019 WL 2077847, at \*3 (N.D. Cal. May 10, 2019) (only one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate.").

Finally, the reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. *Omnivision*, 559 F. Supp. 2d at 1048 ("The reaction of the class may also be a determining factor in … determining the fee award."). The absence of any objections from Settlement Class Members to the Fee and Expense Motion supports a finding that the request is fair and reasonable. *See Waldbuesser v. Northrop Grumman Corp*., 2017 WL 9614818, at \*5 (C.D. Cal. Oct. 24, 2017) (finding receipt of only two objections to fee request, after mailing 210,000 notices, was

REPLY MEMORANDUM; Case No. 5:19-cv-06348-BLF

"remarkably small given the wide dissemination of notice," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the settlement fund."); *Cheng Jiangchen v. Rentech, Inc*., 2019 WL 5173771, at \*9-10 (C.D. Cal. Oct. 10, 2019) (noting "that there have been no objections filed to the requested attorney's fees ... also supports granting the requested fees"); *Heritage*, 2005 WL 1594403, at \*16 (where notice was disseminated to thousands of potential class members, "the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund.").

## II.     CONCLUSION

Based on the foregoing and the entire record herein, Plaintiffs and their counsel respectfully request that the Court: (1) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; and (2) award attorneys' fees to Lead Counsel in the amount of $343,750, 25% of the Settlement Fund, together with expenses in the amount of $34,257.30.

Dated: November 24, 2021

**LEVI & KORSINSKY, LLP**

By: *s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: 415-373-1671
Facsimile: 212-363-7171
Email: aapton@zlk.com

*Lead Counsel for Lead Plaintiff Ognjen Kuraica and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen
Daniel Tyre-Karp
275 Madison Avenue, 40th Floor
New York, NY 10016

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Casey E. Sadler
Melissa Wright
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

REPLY MEMORANDUM; Case No. 5:19-cv-06348-BLF

4

*Attorneys for Plaintiffs Luis Chavez and Rick Grammiere and Additional Counsel for the Class*