UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


| | | |
|---|---|---|
| IN RE DROPBOX, INC. SECURITIES LITIGATION, | ) ) | C-19-06348 BLF |
| | ) | SAN JOSE, CALIFORNIA |
| | ) | |
| | ) | JULY 22, 2021 |
| | ) | |
| _____ | ) ) | PAGES 1-23 |


TRANSCRIPT OF ZOOM PROCEEDINGS
BEFORE THE HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S:

FOR THE PLAINTIFFS:      LEVI & KORSINSKY
                         BY:  NICHOLAS I. PORRITT
                         1101 30TH STREET N.W., SUITE 115
                         WASHINGTON, D.C.  20007

                         BY:  ADAM M. APTON
                         388 MARKET STREET, SUITE 1300
                         SAN FRANCISCO, CALIFORNIA  94111

                         GLANCY, PRONGAY & MURRAY
                         BY:  MELISSA C. WRIGHT
                         1925 CENTURY PARK EAST, SUITE 2100
                         LOS ANGELES, CALIFORNIA  90067

               APPEARANCES CONTINUED ON THE NEXT PAGE

OFFICIAL COURT REPORTER:     LEE-ANNE SHORTRIDGE, CSR, CRR
                             CERTIFICATE NUMBER 9595


PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

APPEARANCES (CONTINUED)


FOR DEFENDANT              WILSON, SONSINI, GOODRICH & ROSATI
DROPBOX:                   BY:  NINA F. LOCKER
                               EVAN L. SEITE
                          650 PAGE MILL ROAD
                          PALO ALTO, CALIFORNIA  94304

FOR DEFENDANT              O'MELVENY & MYERS
UNDERWRITERS:             BY:  ABBY RUDZIN
                          7 TIMES SQUARE
                          NEW YORK, NEW YORK  10036


FOR DEFENDANT              QUINN, EMANUEL, URQUHART & SULLIVAN
SEQUOIA:                  BY:  LINDA J. BREWER
                          50 CALIFORNIA STREET, 22ND FLOOR
                          SAN FRANCISCO, CALIFORNIA  94111

SAN JOSE, CALIFORNIA                    JULY 22, 2021

P R O C E E D I N G S

(ZOOM PROCEEDINGS CONVENED AT 9:01 A.M.)

THE CLERK:  OKAY, YOUR HONOR, I BELIEVE WE'RE READY TO BEGIN.

THE COURT:  GOOD MORNING, EVERYONE.  THANK YOU FOR JOINING ON ZOOM.  GOOD TO SEE YOU ALL.

LET'S CALL THE CASE AND GET YOUR APPEARANCES.

THE CLERK:  CALLING CASE 19-6348, IN RE: DROPBOX SECURITIES LITIGATION.

COUNSEL, IF YOU WOULD PLEASE STATE YOUR APPEARANCES.

MR. PORRITT:  GOOD MORNING, YOUR HONOR.

NICHOLAS PORRITT OF LEVI & KORSINSKY ON BEHALF OF THE PLAINTIFFS AND THE CLASS, AND WITH ME IS ADAM APTON, ALSO OF MY FIRM.

THE COURT:  GOOD MORNING.

MR. APTON:  GOOD MORNING.

MS. WRIGHT:  GOOD MORNING, YOUR HONOR.

MELISSA WRIGHT FROM GLANCY, PRONGAY & MURRAY.  I ALSO REPRESENT THE PLAINTIFFS AND THE CLASS.

THE COURT:  GOOD MORNING.

MS. RUDZIN:  GOOD MORNING, YOUR HONOR.

ABBY RUDZIN FROM O'MELVENY & MYERS.  I REPRESENT THE UNDERWRITER DEFENDANTS.  AND IT LOOKS LIKE NONE OF THE OTHER DEFENSE COUNSEL ARE YET IN THE ZOOM.

THE COURT:  OH.

MS. RUDZIN:  SO THE ISSUER WILL BE TAKING THE LEAD ON THE HEARING, OBVIOUSLY DROPBOX.  AND I DON'T SEE THEIR COUNSEL HERE.

THE COURT:  TIFFANY, YOU'RE ON MUTE.

THE CLERK:  I REALIZED THAT.

COUNSEL, IF YOU WOULD RAISE YOUR HANDS, I WILL PROMOTE YOU.  AND IF YOU WOULD ENGAGE YOUR VIDEOS, PLEASE.

THE COURT:  GOOD MORNING.  WHY DON'T WE LET YOU PUT YOUR APPEARANCES ON THE RECORD.

MS. LOCKER:  GOOD MORNING, YOUR HONOR.  I APOLOGIZE FOR THE TECHNICAL GLITCH.

THE COURT:  OH, NO.

MS. LOCKER:  NINA LOCKER FROM WILSON, SONSINI, GOODRICH & ROSATI ON BEHALF OF THE DROPBOX DEFENDANTS.

THE COURT:  GOOD MORNING.

MR. SEITE:  EVAN SEITE OF WILSON, SONSINI, GOODRICH & ROSATI ON BEHALF OF THE DROPBOX DEFENDANTS.

THE COURT:  ALL RIGHT.  SO THAT'S EVERYBODY THAT WE NEED THEN.  IS THAT CORRECT?

OKAY.  WELL, I -- I WANT TO COMMEND YOU FOR PUTTING TOGETHER A REALLY NICE SET OF PAPERS HERE, A VERY THOROUGH EXPLANATION OF IT.  MR. PORRITT, THANK YOU FOR THAT.

IN THIS PRELIMINARY APPROVAL HEARING, I LIKE TO TAKE THE DEEP DIVE INTO THE DOCUMENTS AND HOPEFULLY -- OH, MAYBE WE HAVE

ONE MORE DEFENDANT TO PROMOTE, MS. BREWER.

THE CLERK:  YES, YOUR HONOR.  LET ME SEE -- IT DOESN'T LOOK LIKE SHE CAN RAISE HER HAND, BUT I CAN MOVE HER OVER.

THE COURT:  OKAY.

THE CLERK:  THERE WE GO.

THE COURT:  ALL RIGHT.

HELLO, MS. BREWER.  WOULD YOU LIKE TO PUT YOUR APPEARANCE ON THE RECORD.

MS. BREWER:  YES, THANK YOU.  APOLOGIES FOR THAT.

THIS IS LINDA BREWER FROM QUINN EMANUEL REPRESENTING THE SEQUOIA DEFENDANTS.

THE COURT:  GOOD MORNING.  IT'S HARD TO KNOW WHICH IS EASIER, ZOOM OR DRIVING DOWN THE ROAD AND BEING HERE.  I'M ASSUMING YOU'RE LOCAL, BUT NOT ALL OF YOU ARE.  BUT WE'LL ALL WORK IT OUT.

OKAY.  SO I HAVE -- I DO LIKE TO TAKE A DEEP DIVE.

MR. PORRITT, THE GOAL HERE IS TO WORK OUT ANY OF THE BUGS NOW SO THAT AT THE FINAL APPROVAL WE CAN FOCUS ON ANY OBJECTORS IF THERE ARE ANY, AND IN SECURITIES CASES, I THINK YOU'RE PROBABLY USED TO THE FACT THAT THERE IS A, A -- I SUPPOSE IT'S COMMON THAT THERE ARE PEOPLE WHO ARE LOOKING AT THESE SETTLEMENTS, SO WE WANT TO CERTAINLY TAKE CARE OF EVERYTHING WE CAN HERE.

WHY DON'T YOU MAKE YOUR PRESENTATION AND THEN I WILL WALK

THROUGH.  I HAVE VERY FEW COMMENTS TO MAKE, BUT I HAVE SOME QUESTIONS.

MR. PORRITT:  VERY GOOD, YOUR HONOR, AND I'LL BE BRIEF.

I APPRECIATE, YOU KNOW, WE -- WE APPRECIATE YOUR KIND WORDS REGARDING THE PAPERS THAT WE PUT TOGETHER.  WE TRY TO DO EVERYTHING ON PAPER TO MAKE THESE HEARINGS GO SMOOTHLY.

AS YOUR HONOR IS AWARE, THERE ARE REALLY THREE KIND OF MAIN ISSUES BEFORE THE COURT TODAY:  ONE IS CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES, AND RELATED TO THAT IS APPOINTING A CLASS REPRESENTATIVE AND CLASS COUNSEL; PRELIMINARY APPROVAL OF THE OVERALL SETTLEMENT OF $1,375,000; AND THEN APPROVAL OF THE PROPOSED NOTICE AND THE NOTICE PLAN.

THE COURT:  YES.

MR. PORRITT:  SO I'LL BE VERY BRIEF ON THE CERTIFICATION OF THE CLASS.

THE CLASS PROPOSED HERE IN THE SETTLEMENT PAPERS IS ESSENTIALLY THE SAME AS THE CLASS THAT WAS PROPOSED IN THE COMPLAINT AS FILED.  THE ONLY DIFFERENCE IS THAT WE HAVE REFINED OR MADE EXPRESS SOME OF THE EXCLUSIONS FROM THE CLASS, WHICH ARE PREDICTABLE.  THEY EXCLUDE THE DEFENDANTS, THE DIRECTORS AND OFFICERS OF THE COMPANY, THE SEQUOIA DEFENDANTS AND THEIR AFFILIATES, WHICH I THINK IS NON-CONTROVERSIAL.

AND LIKEWISE, WE'VE LAID OUT IN THE PAPERS THE QUALIFICATIONS FOR THE PLAINTIFFS AND LEAD COUNSEL TO ACT.  WE

BELIEVE THAT THE PLAINTIFFS ARE TYPICAL AND ADEQUATE.  THEY PURCHASED SHARES DURING THE PROPOSED TIME OF THE CLASS AND ARE, WE BELIEVE, ADEQUATE AND TYPICAL.

SO UNLESS YOUR HONOR HAS ANY QUESTIONS REGARDING THE CLASS CERTIFICATION ISSUE, I'LL JUST MOVE ON.

THE COURT:  WHY DON'T YOU -- YES, YOU CAN MOVE ON. THANK YOU.

MR. PORRITT:  SO IN TERMS OF THE AMOUNT OF THE SETTLEMENT, WE WOULD SUBMIT THAT IT IS THE -- IT FALLS WITHIN -- IT IS REASONABLE, CERTAINLY REASONABLE TO JUSTIFY THE COURT'S PRELIMINARY APPROVAL.

OBVIOUSLY AFTER NOTICE THERE WILL BE AN OPPORTUNITY FOR OBJECTORS TO MAKE ARGUMENTS AGAINST THE REASONABLENESS OF THE SETTLEMENT AND THE COURT WILL MAKE A FINAL DETERMINATION AT THE FINAL HEARING.

BUT WE SUBMIT THAT IT IS PRELIMINARILY REASONABLE HERE BASED UPON IT IS THE RESULT OF ARM'S LENGTH NEGOTIATION WITH THE EXISTENCE OF A VERY -- THE ASSISTANCE OF A VERY EXPERIENCED MEDIATOR, RETIRED JUDGE FEESS, YOU KNOW, RETIRED FROM THE CENTRAL DISTRICT OF CALIFORNIA, WHO HAS GREAT EXPERIENCE IN THIS MATTER.  BOTH THE PARTIES EXCHANGED MEDIATION STATEMENTS IN ADDITION TO THEIR ALREADY KNOWLEDGE OF THE CASE, WHICH WE HAD DEVELOPED THROUGH DRAFTING AN AMENDED COMPLAINT AND A FURTHER AMENDED COMPLAINT, AS WELL AS LEGAL BRIEFING BEFORE YOUR HONOR AND LEGAL ARGUMENT BEFORE YOUR HONOR AND YOUR

HONOR'S OWN OPINION.

SO WE WERE -- WE HAD SUFFICIENT KNOWLEDGE ON THE MERITS OF THIS CASE, THE STRENGTHS AND WEAKNESSES, AND WE THINK THE 1,375,000 IS A VERY REASONABLE RESULT, A GOOD RESULT FOR THE CLASS CONSIDERING THE STRENGTHS OF THE CASE.

PARTICULARLY IMPORTANT IS THE EARLY DAMAGES IN THIS CASE WE ESTIMATED TO BE 35.5 MILLION, WHICH MAKES IT A VERY MODEST SIZE SECURITY CLASS ACTION, AND THE SETTLEMENT FUND WOULD REPRESENT 3.8 PERCENT OF THOSE MAXIMUM DAMAGES, WHICH IS WELL ABOVE THE MEDIAN OF 1.7 PERCENT OF ALL SECURITY CLASS ACTIONS.

AND WE WOULD ALSO SUBMIT THAT THE RELEASES AS DEFINED IN THE NOTICE AND IN THE STIPULATION ARE NARROWLY TAILORED AND ARE SUITABLE CONSIDERATION FOR THE, FOR THE SETTLEMENT FUND.

SO ONCE AGAIN, UNLESS YOUR HONOR HAS ANY QUESTIONS ON THE REASONABLENESS OF PRELIMINARY APPROVAL OF THE SETTLEMENT, I'LL STOP THERE AND MOVE ON TO THE NOTICE AND THE NOTICE PLAN.

THE COURT:  OKAY, I DON'T HAVE ANY QUESTIONS.  WHY DON'T YOU GO AHEAD?

MR. PORRITT:  SO THE NOTICE PLAN, FIRST OF ALL, SO WE HAVE -- WE HAVE THREE NOTICES ATTACHED, EXHIBITS A1, A3, AND A4, TO OUR PAPERS.  SO A1 IS THE LONG FORM NOTICE, A3 IS THE SUMMARY NOTICE, AND A4 IS THE POSTCARD NOTICE.

SO IN THIS CASE, BECAUSE OF THE RELATIVELY MODEST SIZE OF THE SETTLEMENT FUND, WE WORKED HARD WITH THE CLAIMS ADMINISTRATOR TO GET THE COSTS OF SETTLEMENT ADMINISTRATION TO

BE AS LOW AS POSSIBLE, AND SO WE ARE PROPOSING TO USE A POSTCARD NOTICE FOR THAT.  THE SETTLEMENT CLAIMS ADMINISTRATOR INDICATED TO US THAT THAT WOULD HELP REDUCE COSTS RATHER THAN MAILING AN ENTIRE NOTICE PACKET OUT TO ALL CLASS MEMBERS THAT WE CAN REASONABLY IDENTIFY.

THE POSTCARD NOTICE WILL, OF COURSE, PROVIDE A MEANS FOR ANYONE WHO -- ANY CLASS MEMBER WHO WANTS THE ENTIRE NOTICE PACKET TO OBTAIN ONE, WE WILL MAIL ONE TO THEM ON REQUEST.  IT WILL ALSO BE AVAILABLE ONLINE IN CASE THEY WANT TO REVIEW IT ONLINE.  AND SIMILARLY, THE SUMMARY NOTICE WILL BE PUBLISHED VIA NEWS WIRE AND WILL ALSO PROVIDE A LINK AND THE MEANS FOR -- CLASS MEMBERS WHO MAY READ THAT SUMMARY NOTICE TO OBTAIN THE ENTIRE NOTICE PACKET EITHER IN HARD COPY OR TO REVIEW IT ONLINE.

AND THE LONG FORM NOTICE CERTAINLY COMPLIES WITH THE REQUIREMENTS OF THE PSLRA AND COMPLIES WITH THE REQUIREMENTS OF THIS COURT AS WE LAY OUT IN SOME LENGTH IN OUR PAPERS.  IT EXPLAINS THE NATURE OF THE ACTION, THE NATURE OF THE LOSSES, IT EXPLAINS WHAT THE SETTLEMENT IS, EXPLAINS THE CLAIMS PROCESS, ESTIMATES POTENTIAL RECOVERY PER SHARE AND COST OF THE SHARE, AND ALSO GIVES NOTICE THAT LEAD COUNSEL WILL, AT THE FINAL APPROVAL HEARING, SEEK A FEE UP TO 25 PERCENT.  THAT, OF COURSE, MAY NOT BE THE OVERALL AMOUNT, BUT WE'VE SET THAT AT THE GENEROUS END TO ALLOW FOR -- TO MAKE SURE THE CLASS ARE FULLY AWARE OF WHAT THE MAXIMUM, IF YOU LIKE, OF THE FEE MAY

BE.  BUT THAT'S NOT INDICATED THAT WE WILL NECESSARILY SEEK THAT FEE.

AND THAT IS -- AND THE PLAN OF ALLOCATION IS ALSO EXPLAINED IN THE CLASS NOTICE.

SO I SUSPECT YOUR HONOR MAY HAVE QUESTIONS ON THE NOTICE.

THE COURT:  YES, I DO.

MR. PORRITT:  SO WE CAN JUST TURN TO THOSE QUESTIONS, YOUR HONOR.

THE COURT:  OKAY.  BEFORE I DO THAT, ARE THERE ANY COMMENTS BY THE DEFENDANTS THAT YOU'D LIKE TO MAKE JUST IN GENERAL ON THE SETTLEMENT AND THE PAPERS SUBMITTED?

MR. SEITE:  NO, YOUR HONOR.

I THINK -- WELL, ONE BRIEF COMMENT, WHICH IS THAT WE, YOU KNOW, WERE VERY APPRECIATIVE OF THE COURT'S STRONG ORDER ON THE MOTION TO DISMISS.

BUT WE ARE ALSO COGNIZANT OF THE COURT'S INSTRUCTION TO THE PARTIES TO CONSIDER SETTLEMENT DURING THAT HEARING, AND WE AGREED WITH THE COURT THAT IF THERE WAS A GLOBAL SETTLEMENT THAT COULD BE REACHED, THAT IT WAS WORTHY OF PURSUIT, AND THIS REFLECTS THOSE EFFORTS.

THE COURT:  WELL, THANK YOU.  I APPRECIATE THAT AND I'M GLAD THAT THAT WORKED OUT.

ALL RIGHT.  SO LET ME -- I DO HAVE SOME QUESTIONS.  THEY ARE -- THEY'RE REALLY JUST KIND OF IN THE NITTY GRITTY BECAUSE, AS I SAID, I THINK THIS IS REALLY IN GOOD SHAPE.

ONE QUESTION OVERALL OF SOMETHING THAT I DIDN'T SEE IN THE PAPERS, AND MAYBE I MISSED IT, I DIDN'T SEE ANY INCENTIVE PAYMENT FOR THE LEAD PLAINTIFF.  IS THAT CORRECT?

MR. PORRITT:  I BELIEVE THAT IS CORRECT, YOUR HONOR.

THE COURT:  OKAY.  THAT'S FINE WITH ME.  I HADN'T SEEN THAT BEFORE, BUT IF THAT'S HOW YOU'RE HANDLING IT, THEN THAT'S JUST MORE FOR THE CLASS, SO THAT'S FINE.  I JUST WANTED TO MAKE SURE I WAS AWARE OF IT.

I HAVE SOME QUESTIONS ABOUT THE CLAIMS ADMINISTRATOR.  IT APPEARS THAT THE CLAIMS ADMINISTRATOR WILL CHARGE AN ADDITIONAL FEE FOR THE NOTICE, BUT THEN A PER CLAIMANT FEE FOR PROCESSING THE CLAIMS.

IS THAT CORRECT?

MR. PORRITT:  WELL, THERE IS A -- IT'S ACTUALLY A PER POSTCARD NOTICE CHARGE, WHICH WE CAN ESTIMATE BECAUSE WE'VE ESTIMATED WHAT THE TOTAL NUMBER OF CLASS MEMBERS ARE LIKELY TO BE.  THAT'S BASED ON HISTORICAL EXPERIENCE, SIZE OF THE SHARES OUTSTANDING, ALL THAT SORT OF THING.

BUT CLAIMS YOU JUST CAN'T ANTICIPATE.

THE COURT:  BUT THERE'S A SEPARATE CHARGE PER CLAIM SUBMITTED; IS THAT CORRECT?

MR. PORRITT:  YES, YES.

THE COURT:  OKAY.

MR. PORRITT:  I MEAN, WE'RE TRYING TO ESTIMATE THE OVERALL COST.

THE COURT:  NO, NO, I -- I'M JUST TRYING TO SET UP THE FRAMEWORK TO ASK MY QUESTION.

MR. PORRITT:  OKAY.

THE COURT:  SO I -- IT APPEARS THAT IN THE NOTICE THAT YOU'RE INDICATING THAT THE ADMINISTRATIVE FEES WILL BE, I THINK IT'S UP TO $300,000.  BUT WHEN I READ THE SETTLEMENT AGREEMENT, IT LOOKS AS THOUGH THERE IS AUTHORITY FOR THE CLAIMS ADMINISTRATOR TO BE REIMBURSED FOR UP TO $250,000, AND THEN IF THERE'S MORE, IT WOULD BE WITH THE APPROVAL OF THE COURT.

IS THAT CORRECT?

MR. PORRITT:  I THINK YOU'VE READ IT CORRECTLY. AGAIN, WE ARE -- WE WANT TO MAKE SURE OBVIOUSLY THAT THE CLAIMS ADMINISTRATOR IS FAIRLY COMPENSATED FOR THEIR WORK.

THE COURT:  WELL, I'M LOOKING AT PAGE 17 OF THE SETTLEMENT AGREEMENT.  AND AGAIN, I -- BECAUSE I JUST -- I DON'T WANT THERE TO BE ANY CONFUSION ABOUT WHAT I REQUIRE.

AT LINE 13, "ANY ADDITIONAL NOTICE AND ADMIN COSTS IN EXCESS OF $250,000 SHALL BE PAID FROM THE SETTLEMENT FUND SUBJECT TO PRIOR APPROVAL OF THE COURT."

SO THAT'S CLEAR AND I LIKE THAT AND THAT MAKES A LOT OF SENSE.

SO I JUST WANT TO MAKE IT UNDERSTOOD NOW THAT THE CLAIMS ADMINISTRATOR IS GOING TO HAVE TO GIVE ME A CLEAR EXPLANATION OF WHY THE FEES ARE HIGHER THAN THE 250, AND IT LOOKS AS THOUGH THERE'S A FORMULA AND THERE'S NOT REALLY ANY, ANY ROOM FOR

DEBATE.  IT'S GOING TO BE JUST -- IT'S A WIDGET BY WIDGET EXPENDITURE.

BUT I AGREE WITH THAT, THAT THERE SHOULD BE A CAP ON WHAT IS -- ON WHAT I'VE APPROVED NOW, AND ANY MORE YOU HAVE TO COME BACK TO ME.  SO I JUST WANTED TO MAKE SURE I HAD THAT CORRECT, AND IT APPEARS THAT I DO.

THEN -- LET'S SEE.  I ACTUALLY DON'T HAVE MUCH TO SAY.  I THOUGHT -- SO MOVING TO THE NOTICES, IT'S -- OBVIOUSLY ALL THE BLANKS WILL GET FILLED IN AFTER I GIVE YOU THE HEARING DATES AND YOU FILL IN ALL THE REST OF THAT AND ALL THOSE ANNOYING PAGE NUMBERS THAT SOMEONE WILL HAVE TO GO THROUGH AND FILL IN.

MR. PORRITT:  YEAH, WE GET A PRINTER'S COPY AND THAT GETS DONE.

THE COURT:  IS THAT HOW IT'S DONE?  OKAY, THAT SOUNDS GREAT.

SO AT PAGE 10 OF THE SETTLEMENT AGREEMENT IN PARAGRAPH 36, THE NOTICE SETS OUT THAT THERE CAN BE AN ONLINE OR POSTMARKED CLAIM, AND THAT'S FINE, EXCEPT WHAT I NOTICED WAS THAT THE SETTLEMENT AGREEMENT AT PARAGRAPH 26(B) ON PAGE 21 ONLY SAYS POSTMARKED AND DOESN'T SAY ONLINE, AND SO IT APPEARS THAT IN ALL THE NOTICES THAT YOU HAVE ADVISED CLAIMANTS THAT THEY CAN FILE THEIR CLAIMS ONLINE.

BUT I JUST WANTED TO POINT OUT THAT DISCREPANCY THAT I NOTICED.

MR. PORRITT:  I SEE THAT, YOUR HONOR.  THAT'S --

YEAH, WE DIDN'T PICK THAT -- THERE WAS A LOT -- OF ALL THE TERMS IN THE STIPULATION, THE NOTICE PROVISION WAS PROBABLY THE MOST NEGOTIATED.

THE COURT:  SURE.

MR. PORRITT:  IT WASN'T -- IT WAS CLEARLY EVERYONE, INCLUDING DEFENDANTS, TRYING TO COME TO THE RIGHT CONCLUSION THAT MATCHED COSTS AND REASONABLENESS AND EFFECTIVENESS, SO I THINK THAT JUST --

THE COURT:  SURE.

MR. PORRITT:  THAT JUST WASN'T PICKED UP.

THE COURT:  BUT I JUST WANT YOU TO CONSIDER --

MR. PORRITT:  WE WILL BE ACCEPTING, OBVIOUSLY, ELECTRONICALLY SUBMITTED CLAIMS.

THE COURT:  YOU WILL?  OKAY.  I WANT TO BE CLEAR -- AND I DON'T IMAGINE THE DEFENDANTS WOULD OPPOSE THIS BECAUSE THE FUND IS THE FUND -- BUT ANY TIMELY ONLINE SUBMISSION WILL BE ACCEPTED BECAUSE THE NOTICE PROVIDES FOR IT, EVEN THOUGH THE SETTLEMENT AGREEMENT DOESN'T.  SO THAT'S CLEAR.

OKAY.  THEN I -- AT PAGE 15 OF THE NOTICE, AND I GUESS THIS IS IN THE SETTLEMENT AGREEMENT AS WELL, IN PARAGRAPH 67, I -- IT'S CERTAINLY FINE FOR THE OBJECTIONS TO BE FILED WITH THE COURT.  I HAVE NO PROBLEM WITH THAT.  THAT'S PRETTY COMMON.

I DON'T UNDERSTAND WHY AN OBJECTOR HAS TO ALSO PHYSICALLY MAIL OR SERVE THE PARTIES WITH COPIES OF SOMETHING THAT YOU'RE ON NOTICE OF THROUGH THE PACER SYSTEM.

MR. PORRITT:  YEAH, I MEAN, THIS IS REALLY BECAUSE SOME OBJECTORS, YOU MAY GET INDIVIDUAL OBJECTORS WHO DON'T HAVE A PACER ACCOUNT AND SO THEY ARE MAYBE PHYSICALLY FILED IN PAPER.

THE COURT:  YEAH, BUT THEN THEY GET PUT ON THE DOCKET.  BUT, MR. PORRITT, THEY GET PUT ON THE DOCKET.  OTHERWISE I DON'T HAVE THEM.

MR. PORRITT:  SO IN THAT CASE -- I MEAN, SO WE -- I HAVE NO PROBLEM REMOVING THAT REQUIREMENT FROM THE, FROM THE NOTICE AND FROM THE OBJECTION PROCESS, AS LONG AS WE RECEIVE, OBVIOUSLY, NOTICE THROUGH PACER.

THE COURT:  WELL, IT SAYS THAT THEY HAVE TO -- OBJECTORS MUST -- "OBJECTIONS MUST BE IN WRITING.  YOU MUST FILE ANY WRITTEN OBJECTION WITH THE COURT."

SO I'M JUST LOOKING TO ELIMINATE ANY POSSIBLE BARRIERS THAT DON'T SEEM TO MAKE ANY SENSE.

MR. PORRITT:  AND SO, YES, YOUR HONOR, WE -- AS WE SAID, WE CAN REMOVE THAT LAST SENTENCE ESSENTIALLY IN PARAGRAPH 67.

THE COURT:  GREAT.

MR. PORRITT:  WHICH WILL GIVE THAT -- TO BE HONEST, I THINK THAT'S A HOLDOVER FROM PRE-PACER DAYS.  THESE FORMS HAVE BEEN AROUND SO LONG, IT GOES BACK TO THE DAYS WHEN IT WAS PAPER.

THE COURT:  I UNDERSTAND.  I UNDERSTAND.

OKAY.  LET'S SEE.  I THOUGHT IT WAS -- I'M NOT OPPOSED TO IT, BUT I THOUGHT IT WAS INTERESTING THAT FOR CLASS MEMBERS WHO DO NOT OPT OUT, BUT WHO DO NOT MAKE A CLAIM, THEY ARE BOUND BY THE RELEASE, AND I'M FINE WITH THAT.

BUT FOR CLASS MEMBERS WHO DO NOT OPT OUT AND FILE A CLAIM, YOU'RE HAVING THEM SIGN A WRITTEN RELEASE.  I THOUGHT THAT WAS INTERESTING.  I DON'T OPPOSE IT, BUT IS THAT JUST BELT AND SUSPENDERS ON IT?

MR. PORRITT:  IT IS BELT AND SUSPENDERS, YOUR HONOR, FRANKLY.  YEAH, IT'S CLEARLY AROUND THE RELEASE IN THE JUDGMENT.  IF YOU'RE A CLASS MEMBER, ONCE THAT'S ENTERED AND FINAL AND THE APPEAL PERIOD RUNS, THEN YOU'RE BOUND BY IT. THAT'S THE WAY 23(B)(3) WORKS.

THE COURT:  IT IS.

MR. PORRITT:  BUT WE ALWAYS ASK FOR A WRITTEN RELEASE, A SIGNED WRITTEN RELEASE FOR ANYONE WHO SUBMITS A CLAIM FORM AS WELL.  AGAIN, IT'S REALLY JUST FOR, AS YOU SAY, BELT AND SUSPENDERS.

THE COURT:  OKAY.  I DON'T HAVE A PROBLEM WITH THAT.

AS I SAID, I DIDN'T HAVE MUCH TO COMMENT ON.  I THOUGHT THESE WERE IN GOOD SHAPE.

THE THREE DIFFERENT NOTICES ARE FINE.  THEY'RE COMPLICATED.  I THINK THE CLAIMS PROCESS IS COMPLICATED.

BUT I ACTUALLY HAVEN'T SEEN THAT MANY THAT HAVE SETTLED BECAUSE NOT THAT MANY MAKE IT THROUGH THE MOTION TO DISMISS

STAGE UNDER THE PSLRA.

BUT I'M FAMILIAR GENERALLY THAT THE CLAIMS PROCESS IS VERY COMPLEX, AND IT DOES LOOK LIKE THE AVERAGE SHAREHOLDER WHO'S JUST A, YOU KNOW, A PERSON AND NOT AN INSTITUTION IS DISINCENTIVIZED TO FILE THIS CLAIM.  IT'S NOT EVEN CLEAR TO ME THAT MOST SHAREHOLDERS CAN GET MORE THAN THE CLAIMS ADMINISTRATOR GETS FOR PROCESSING THEIR PAPERWORK, SO I FIND THAT FRUSTRATING.

I DON'T HAVE ANYTHING THAT I CAN SAY -- YOU KNOW, I CAN'T DO THE MATH, I DON'T KNOW WHAT THE AVERAGE HOLDING IS OF THIS AND WHAT THE AVERAGE AWARD IS BECAUSE THERE PROBABLY IS NO AVERAGE, MR. PORRITT.  YOU'VE GOT LARGE INSTITUTIONAL SHAREHOLDERS FOR WHOM THIS IS -- THIS IS WHAT THEY DO FOR A LIVING AND THEY HAVE A WHOLE STAFF THAT IS -- WHETHER IT'S A PENSION FUND OR SOMETHING THAT JUST KNOWS HOW TO DO THIS AND IT'S JUST ALL ON THE COMPUTER AND IT ALL DOWNLOADS.

BUT FOR THE INDIVIDUAL INVESTOR, IT JUST DOESN'T LOOK LIKE -- I MEAN, IT JUST LOOKS LIKE THE CLAIMS ADMINISTRATOR MAKES MORE MONEY THAN THEY DO.

MR. PORRITT:  IT'S UNFORTUNATE WITH THE -- TO A CERTAIN EXTENT, THE CLAIMS ADMIN COSTS ARE FIXED.

THE COURT:  SURE.

MR. PORRITT:  SO IT COSTS AS MUCH TO DO A MODEST SIZE FUND LIKE THIS AS IT WOULD IF IT WAS 1.375 BILLION.

THE COURT:  THAT'S FAIR.

MR. PORRITT:  THAT'S UNFORTUNATELY HOW IT GOES.

THE COURT:  YEAH.

MR. PORRITT:  AND WE WORK WITH ALL -- WE OFTEN GET CONTACT FROM THE CLASS MEMBERS OR THE CLAIMS ADMINISTRATOR WILL ABOUT THE CLAIM FORM, AND WE WILL FILL IT IN FOR THEM AS MUCH AS WE POSSIBLY CAN.

THE COURT:  OH, OKAY.  THAT'S GOOD TO KNOW.

MR. PORRITT:  BECAUSE WE WANT PEOPLE TO MAKE CLAIMS, OBVIOUSLY.  THAT'S THE WHOLE POINT.

THE COURT:  ABSOLUTELY.

MR. PORRITT:  SO WE WORK AS MUCH AS WE CAN WITH PEOPLE TO MAKE SURE THE CLAIM FORM IS FILLED IN AND TIMELY.

AND EVEN IF THERE ARE LATE CLAIMS, WE USUALLY WILL ACCEPT LATE CLAIMS AS LONG AS IT DOESN'T INTERFERE WITH THE ADMINISTRATION OF THE SETTLEMENT FUND.

THE COURT:  OKAY.

MR. PORRITT:  SO YOUR COMMENTS ARE NOTED AND WE SHARE THE FRUSTRATION.  THE FORM IS LONGER THAN WE REALLY WOULD LIKE IT TO BE, BUT SOME OF THOSE ARE STATUTORY REQUIREMENTS.

THE COURT:  I KNOW THEY ARE.  THIS IS COMPLICATED STUFF.

SO I HAVE -- THEN WHAT I'M PREPARED TO DO NOW, I WILL MAKE THE FINDINGS ON THE RECORD.  YOU HAVE PROVIDED ME WITH A PROPOSED ORDER.

WHAT I'M GOING TO ASK THAT YOU DO, MR. PORRITT, IS FILL IN

ALL THE BLANK SPOTS -- AND ONE OF THEM I STILL HAVE TO GIVE YOU IS THE FINAL APPROVAL HEARING DATE -- FILL IN ALL THOSE DATES AND SEND IT BACK TO ME SO THAT I CAN SIGN IT.  I WILL SIGN IT THE DAY YOU SEND IT TO ME AND GET YOU GOING.  SO IF YOU CAN CLEAN THIS UP TODAY AND SEND IT TO ME BY THE END OF THE DAY, THAT -- PROBABLY NOT, AND I DON'T CARE.  YOU KNOW, I'M HERE EVERY DAY, SO WHENEVER.

AND THEN TIFFANY, SHOULD THEY PUT THAT IN THE PROPOSED ORDER BOX OR JUST FILE IT ON THE DOCKET?

THE CLERK:  FILE IT ON THE DOCKET, YOUR HONOR.

THE COURT:  GOOD.  JUST FILE THE -- FILE THE NEW AND AMENDED PROPOSED ORDER THAT FILLS IN ALL THE BLANK SPOTS FOR ME AND I WILL SIGN IT.

BUT WHAT I -- AND IF THERE'S NOTHING ELSE TO PRESENT BY ANY OF THE DEFENDANTS, I CAN WRAP UP THIS HEARING.

AND IT'S MY DETERMINATION THAT THE SETTLEMENT, THE GROSS SETTLEMENT IN THE AMOUNT OF $1,375,000 IS WITHIN THE RANGE OF FAIRNESS, REASONABLENESS, AND ADEQUACY.

I AM SATISFIED THAT THAT'S BASED ON ADEQUATE INVESTIGATION AND DISCOVERY CONDUCTED BY THE PLAINTIFFS, AND THIS COURT IS CERTAINLY AWARE OF THE SIGNIFICANT EFFORTS DEVOTED TO INVESTIGATING THIS CASE AS REPRESENTED AT THE MOTION TO DISMISS THAT WAS -- I THINK TWICE WE HAD HEARINGS ON THAT.

AND SO A LOT OF WORK WENT INTO DEVELOPING THE COMPLAINT, A HUGE AMOUNT OF INVESTIGATION IS REQUIRED JUST TO GET IT ON

FILE, AND IT HAS BEEN CLEAR TO THE COURT THAT MR. PORRITT AND HIS FIRM HAVE BEEN VERY AWARE OF THE RANGE OF ISSUES IN THE CASE, HAVE CONDUCTED SIGNIFICANT INVESTIGATION, AND HAVE ADVISED THEMSELVES OF THE FACTS OF THE CASE.

AND I WILL CERTIFY THE CLASS FOR SETTLEMENT PURPOSES ONLY. I WILL APPOINT THE LEAD -- I WILL APPOINT LEAD COUNSEL FOR THE SETTLEMENT CLASS, LEVI & KORSINSKY.  I WILL APPOINT THE LEAD PLAINTIFF AS REQUESTED.  I WILL APPROVE THE CLAIMS ADMINISTRATOR, STRATEGIC CLAIMS SERVICES.

I DO APPROVE THE NOTICE IN ALL OF ITS VARIOUS FORMS, WITH THE ONE MINOR CHANGE THAT I RECOMMENDED ON THE -- FOR THE OBJECTORS.

AND I WILL SIGN THAT PROPOSED ORDER WHICH SAYS IN MORE DETAIL ALL OF THESE FINDINGS THAT ARE NECESSARY.

SO, MR. PORRITT, WHEN WOULD YOU LIKE YOUR FINAL APPROVAL?

MR. PORRITT:  SO I THINK WE, IN THE -- AS WE OUTLINED IN OUR PAPERS, 120 DAYS IS SORT OF ENOUGH TIME FOR THE NOTICE PERIOD TO RUN THROUGH.

THE COURT:  OKAY.

MR. PORRITT:  SO THAT WOULD BE THE MINIMUM, I THINK, WE WOULD REQUEST.  SO THAT'S -- YOU KNOW, THAT'S LOOKING AT SOMETIME TOWARDS THE END OF NOVEMBER, I SUPPOSE, WHICH ALSO MAY RUN INTO THE THANKSGIVING HOLIDAY.  SO ANY TIME AFTER 120 DAYS FROM -- WE'LL SUBMIT THE ORDER PROMPTLY.

THE COURT:  ALL RIGHT.

SO, TIFFANY, I DON'T KNOW WHETHER THERE ARE ANY HEARING TIMES -- THIS WOULD BE ON A THURSDAY MORNING -- ANY HEARING TIMES LEFT IN DECEMBER, OR IF WE'RE GOING TO GO RIGHT INTO THE FIRST OF THE YEAR.

THE CLERK:  YOUR HONOR, I BELIEVE WE COULD DO DECEMBER 2ND.

THE COURT:  OH.  IS THAT -- SO IS THAT -- MR. PORRITT, THAT'S ADEQUATE TIME FOR YOU?

MR. PORRITT:  YES.  THANK YOU.

THE COURT:  ALL RIGHT.  LET'S DO THAT DECEMBER 2ND AT 9:00 A.M.

AND IF THERE ARE OBJECTIONS, OF COURSE YOU WILL -- YOU'LL HAVE THE OPPORTUNITY TO REPLY TO THOSE.  I'LL HAVE YOUR LENGTHY BRIEF ON ATTORNEYS' FEES AND THE FINAL APPROVAL, AND I BELIEVE YOU ALREADY PROVIDED ME A PROPOSED JUDGMENT.  I CAN'T REMEMBER WHETHER I SAW THAT OR NOT IN THESE PAPERS.

BUT TYPICALLY WHAT I DO IN THE FINAL APPROVAL -- AND THAT ALWAYS ASSUMES THAT IT IS APPROVED, AND I CAN'T DETERMINE THAT UNTIL AFTER I HEAR FROM ANY OBJECTORS -- IS THAT I WOULD WRITE A FAIRLY LENGTHY ORDER ON THE CASE, AS I'M REQUIRED TO DO, BUT I LEAVE IT TO THE PARTIES TO PREPARE THE JUDGMENT BECAUSE I FIND THAT THAT IS -- ALTHOUGH TYPICALLY JUDGES DO A BETTER JOB WRITING JUDGMENTS, BUT NOT IN THESE KINDS OF COMPLICATED SETTLEMENTS.

SO, MR. PORRITT, IF I CAN JUST PUT THAT ON YOUR PLATE, I

KNOW YOU'LL PUT IT ASIDE FOR AWHILE, BUT YOU'VE PROBABLY DONE THIS MANY TIMES.  AT THAT TIME I'LL WANT A PROPOSED JUDGMENT.

BUT I DO SIGN -- BUT FOR THE PRELIMINARY APPROVAL, I WILL SIGN THE PROPOSED ORDER YOU GAVE ME ONCE ALL THESE DATES ARE PUT INTO IT.

MR. PORRITT:  YES, YOUR HONOR.  WE WOULD TYPICALLY SUBMIT -- I THINK A FINAL JUDGMENT IS TYPICALLY ATTACHED TO THE STIPULATION AS AN EXHIBIT.  IT'S OBVIOUSLY NOT BEFORE THE COURT NOW.

THE COURT:  RIGHT.

MR. PORRITT:  BUT WE WILL INCLUDE IT IN OUR FINAL APPROVAL PAPERS AS WELL.

THE COURT:  THANK YOU.

OKAY.  WELL, THANK YOU.  I REALLY APPRECIATE ALL THE WORK THAT WENT INTO BRINGING THIS HERE, AND OF COURSE THE WORK THAT WENT INTO SETTLING THIS AND TO REALLY LOOKING CANDIDLY AT THE VIABILITY OF THE CLAIMS AND THE EXPECTED RECOVERY IF THEY WERE SUCCESSFUL.  I THINK THIS IS A GOOD SETTLEMENT.

ALL RIGHT.  THAT TAKES CARE OF EVERYTHING.  I WILL SEE YOU ON DECEMBER 2ND, AND I WILL BE LOOKING AT THE DOCKET FOR YOUR PROPOSED ORDER SO THAT I CAN -- SO THAT I CAN SIGN IT, WHICH LETS YOU GET STARTED ON EVERYTHING YOU NEED TO DO.

MR. PORRITT:  VERY GOOD, YOUR HONOR.

THE COURT:  THANK YOU ALL.

MR. PORRITT:  THANK YOU.

MS. LOCKER:  THANK YOU, YOUR HONOR.

THE CLERK:  COURT IS ADJOURNED.

(THE PROCEEDINGS WERE CONCLUDED AT 9:29 A.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF ZOOM PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED:  DECEMBER 1, 2021